DAN RAYFIELD
Attorney General
SARA VAN LOH #044398
Senior Assistant Attorney General
ALEXANDER C. JONES #213898
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Sara.VanLoh@doj.oregon.gov
           alex.jones@doj.oregon.gov

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION OF WHOLESALER-DISTRIBUTORS , <br><br> Plaintiff, <br><br> v. <br><br> LEAH FELDON, DIRECTOR, OREGON DEPARTMENT OF ENVIRONMENTAL QUALITY, in her official capacity; MATT DONEGAN, KAREN MOYNAHAN, MARK WEBB, AND SILVIA TANNER, in their official capacities, <br><br> Defendants. | Case No.  3:25-CV-01334-SI <br><br> STIPULATED PROTECTIVE ORDER |

This matter came before the Court by stipulation of the parties who agree that there is

good cause to protect the confidential nature of information subject to discovery in this matter.

The Court finds there is good cause for a protective order pursuant to Federal Rule of Civil

Procedure 26(c).

Page 1 -    STIPULATED PROTECTIVE ORDER
SV1/jc4/996799833

This action concerns claims challenging the Plastic Pollution and Recycling Modernization Act ("RMA" or "Act") and regulations promulgated under that Act. The Act and its implementing regulations concern the roles and obligations of a producer responsibility organization ("PRO") and its members, known as "producers." The parties expect to exchange information relating to the operations of a PRO and of producers. This information may contain confidential, proprietary, or private information for which special protection would be warranted, trade secrets, and other information protected from disclosure under state and federal law. The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.[1]

IT IS HEREBY ORDERED as follows:

1.      All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Attorneys' Eyes Only" shall be used only in this proceeding.

2.      Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party or counsel for any business, commercial, or competitive purpose (such as future clients). This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation, nor modify or restrict the obligations of the Oregon Department of Justice to carry out its law enforcement obligations pursuant to ORS Chapter 180. Should a dispute arise as to any specific information

---

[1] Plaintiff National Association of Wholesaler-Distributors has agreed to entry of the Protective Order in the interest of timely obtaining information relevant to its claims. Plaintiff's agreement to the Protective Order should not be construed as an agreement to withholding, from public release, the documents and information subject to the Protective Order if those documents or information are lawfully obtained through means or sources outside of this litigation. In accordance with Defendants' obligations under Paragraph 23 of this Protective Order, Plaintiff reserves all rights to seek release of any documents or information through independently available channels (e.g., public records disclosure laws) based on all applicable theories of law. The parties also reserve the right to request modification of this Protective Order in the event additional or modified protective measures may be required following agreement of the Parties on the scope of discovery in this case.

Page 2 -    STIPULATED PROTECTIVE ORDER
SV1/jc4/996799833

or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3. The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. The party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," if practical to do so.

4. If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

> CONFIDENTIAL
>
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.
>
> *or*
>
> ATTORNEYS' EYES ONLY
>
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential" or "Attorneys' Eyes Only," that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential" or "Attorneys' Eyes Only," then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

5.      Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or "Attorneys' Eyes Only" any portion of the transcript that the party or witness contends discloses confidential information. If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

6.      "Confidential" or "Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7.      Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

        a.      Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

        b.      In-house counsel for the parties, and the administrative staff for each in-house counsel.

        c.      Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, including NAW members who are consulting on the litigation, but only to the extent necessary to further the interest of the parties in this litigation.

        d.      Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert)

Page 4 -   STIPULATED PROTECTIVE ORDER

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

e.      The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

f.      The authors and the original recipients of the documents.

g.      Any court reporter or videographer reporting a deposition.

h.      Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action

8.      Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 7(a), 7(d), 7(e), 7(g) and 7(h), unless additional persons are stipulated by counsel or authorized by the Court.

9.      Prior to being shown any documents produced by another party marked "Confidential" or "Attorneys' Eyes Only," any person listed under paragraphs 7(c) or 7(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

10.     Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraphs 7 and 8, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

11.     Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an

Page 5 -   STIPULATED PROTECTIVE ORDER
SV1/jc4/996799833

appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

12.    The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only." The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

13.    Designation by either party of information or documents as "Confidential" or "Attorneys' Eyes Only," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Attorneys' Eyes Only."

14.    The parties acknowledge that litigation of this matter may result in the inadvertent production of documents subject to attorney-client privilege, work-product protection, or any other applicable privilege or protection under which that information should

Page 6 -    STIPULATED PROTECTIVE ORDER
SV1/jc4/996799833

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

not have been disclosed to any party. In accordance with Federal Rule of Evidence 502(d), production alone will not waive or estop a claim of privilege or other protection, and the producing party may assert that claim of privilege or other protection in accordance with Rule 502.

15.    If a receiving party receives information that reasonably appears to be subject to a claim of privilege or other protection, the receiving party shall immediately provide written notice to counsel for the producing party.

16.    When a producing party gives notice to a receiving party in writing of production of material subject to a claim of privilege or other protection, the obligations of the receiving party are those set forth in Federal Rule of Civil Procedure Rule 26(b)(5)(B). If the receiving party disputes the privilege or other protection claim in writing, it must notify the producing party within fourteen (14) days of receipt of the producing party's notification. The parties shall then meet and confer regarding the disputed privilege claim. If the parties cannot resolve their dispute, either party may seek a determination from the Court whether the privilege or other protection applies. Other than in connection with seeking a determination by the Court, the receiving party may not use information subject to such a notice or claim of privilege or other protection for any purpose until the dispute is resolved.

17.    A party receiving notice pursuant to paragraph 16 above shall promptly: (a) refrain from any further examination or disclosure of the subject material for any purpose; and (b) return the material to counsel for the producing party or, in the alternative, destroy it and certify in writing to that fact.

18.    Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned

Page 7 -    STIPULATED PROTECTIVE ORDER

materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. However, OAR 166-300-0015 governs retention of litigation files by Oregon Department of Justice and supersedes any conflicting provisions of this paragraph, and other parties may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if they contain information derived from or excerpts of material designated Confidential or Attorney Eyes' Only.

19.     The production of any protected information by any third party shall be subject to and governed by the terms of this Protective Order.

20.     If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential" or "Attorneys' Eyes Only," that party must:

    a.     promptly notify the designating party in writing and include a copy of the subpoena or court order;

    b.     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

    c.     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

21.     If the designating party timely seeks a protective order, the party served with the subpoena or order shall not produce any information designated in this matter as "Confidential" or "Attorneys' Eyes Only" before a determination by the court or other tribunal where the subpoena or order issued, unless the party has obtained the designating party's permission. The

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

designating party shall bear the burden and expense of seeking protection of its confidential material in that court.

22.     This Protective Order shall not constitute a waiver of any party's or nonparty's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

23.     Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court, provided that nothing in this order may be construed to change or restrict the obligation of any entity subject to public records requests pursuant to ORS chapter 192, including the Oregon Department of Justice, to respond to Public Records Requests.

24.     The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.


**IT IS SO STIPULATED** this 8th day of January, 2026.


_____s/ Caleb J. Bowers_____         _____s/ Alexander C. Jones_____
CALEB J. BOWERS                         ALEXANDER C. JONES #213898
Of Attorneys for Plaintiffs             Of Attorneys for Defendants

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

The Court has reviewed the reasons offered in support of entry of this Stipulated

Protective Order and finds that there is good cause to protect the confidential nature of certain

information.  Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

DATED: January 8, 2026

HONORABLE MICHAEL H. SIMON
U. S. District Court Judge

Submitted by: Alexander C. Jones
              Assistant Attorney General
              Attorneys for Defendants

Page 10 -  STIPULATED PROTECTIVE ORDER
SV1/jc4/996799833

**EXHIBIT A**

I, _____, have been advised by counsel of record for

_____in *National Association of Wholesaler-Distributors v. Leah*

*Feldon, et al.*, United States District Court Case No. 3:25-cv-01334-SB, of the protective order

governing the delivery, publication, and disclosure of confidential documents and information

produced in this litigation. I have read a copy of the protective order and agree to abide by its

terms.

_____
Signed

_____
Printed

_____
Date

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000