Darin Sands, OSB No. 106624
dsands@bradleybernstein.com
BRADLEY BERNSTEIN SANDS LLP
1211 NW Glisan St., Ste 204
Portland, OR 97209
Telephone: +1 503-734-2480

David R. Carpenter*
drcarpenter@sidley.com
Caleb J. Bowers*
cbowers@sidley.com
Alexandra T. Mushka*
amushka@sidley.com
SIDLEY AUSTIN LLP
350 South Grand Avenue
Los Angeles, CA 90071
Telephone: +1 213-896-6000
Facsimile: +1 213-896-6600

[Additional counsel on following page]

Attorneys for Plaintiff
NATIONAL ASSOCIATION OF
WHOLESALER-DISTRIBUTORS

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION OF WHOLESALER-DISTRIBUTORS, <br><br> Plaintiff, <br><br> v. <br><br> LEAH FELDON, DIRECTOR, OREGON DEPARTMENT OF ENVIRONMENTAL QUALITY, in her official capacity; MATT DONEGAN, KAREN MOYNAHAN, MARK WEBB, AND SILVIA TANNER, in their official capacities as members of the Oregon Environmental Quality Commission, <br><br> Defendants. | Case No. 3:25-cv-01334-SB <br><br> **DECLARATION OF CALEB J. BOWERS IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER** |

Additional counsel for Plaintiff
National Association of Wholesaler-Distributors

Gordon D. Todd*
gtodd@sidley.com
Richard W. Smith*
rwsmith@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: +1 202-736-8000
Facsimile: +1 202-736-8711

*Pro hac vice

## DECLARATION OF CALEB J. BOWERS

I, Caleb J. Bowers, declare the following:

1.      I am an attorney at Sidley Austin LLP, and I represent Plaintiff National Association of Wholesaler-Distributors ("Plaintiff" or "NAW") in this action.  I am a citizen of the United States, over the age of 18 years, and I am competent to make this declaration based upon my personal knowledge.  The following facts are within my own personal knowledge and, if called upon as a witness, I could and would competently testify thereto.

2.      I submit this declaration in further support of Plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order ("Motion").

### Additional Exhibits in Support of Motion

3.      Attached hereto as Exhibit A is a true and correct copy of a PDF document titled "Circular Action Alliance Oregon 2025 Financial Report: Covering FY 2023-2024," ("Financial Report"), downloaded from DEQ's webpage at

https://www.oregon.gov/deq/recycling/Documents/rmaCAAaFA2024.pdf.

4.      NAW is including the Financial Report in connection with its Reply because, to the best of counsel's knowledge, it was not publicly available at the time counsel filed or began finalizing its moving papers. Since the time of filing the above-captioned case, I have regularly accessed the public website for the Oregon Department of Environmental Quality ("DEQ") at https://www.oregon.gov/deq/recycling/pages/modernizing-oregons-recycling-system.aspx.  On or around November 15, 2025, the webpage stated that DEQ had requested Circular Action

Alliance to submit, by November 15, 2025, its unredacted 2025 Financial Report for Circular

Action Alliance Oregon ("Financial Report").  DEQ's website currently indicates that CAA

submitted the Financial Report on November 15, 2025; however the Financial Report was not

publicly available on DEQ's website on that date.

      5.      Following the November 15, counsel for Plaintiff, including myself, regularly

checked DEQ's website looking to see if the Financial Report would be available before Plaintiff

filed its Motion the next week.  To my knowledge, the Financial Report was made publicly

available on DEQ's website only after Plaintiff filed its Motion.

      6.      On January 15, 2026, I accessed the public website for the Oregon Department of

Environmental Quality ("DEQ") at https://www.oregon.gov/deq/recycling/pages/modernizing-

oregons-recycling-system.aspx. In a section titled "2023-2024 annual financial report: under

current review," the DEQ webpage provides a link to comments received by DEQ related to

CAA's 2025 Financial Report.  From that webpage, I accessed and downloaded a PDF document

that contains the comments submitted to DEQ, at

https://www.oregon.gov/deq/recycling/Documents/CAAFinReportpubcom.pdf.

      7.      Attached hereto as Exhibit B is a true and correct copy of pages 1 through 5 of the

PDF document I downloaded from the DEQ website, containing comments submitted by the

National Association of Wholesaler-Distributors.

**Response to Defendants' Characterizations About the Timing of Bringing the Motion**

      8.      Since the filing of Plaintiff's Complaint in this matter, I have participated in

conferences with Defendants' legal counsel.

Page 4  DECLARATION OF CALEB J. BOWERS IN SUPPORT OF PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER

9.      Defendants, through their attorneys, requested several extensions of time throughout August, September, and October 2025 for responding to Plaintiff's Complaint. Defendants also delayed until October 22, 2025, to notify Plaintiff that Defendants would likely file a motion to dismiss, thereby changing Plaintiff's strategy for prosecuting its case.

10.     Plaintiff filed the Complaint on July 30, 2025 and attempted service on Defendants thereafter.  On August 19, 2025, Defendants' counsel requested a three-week extension to respond to the Complaint.  The Parties agreed to a deadline to respond of September 12, 2025, and subsequently agreed to September 19, 2025, which the Court approved.

11.     On September 12, 2025, the Parties met and conferred via web conference. Defendants' counsel stated in substantial effect that they needed more time to investigate the Complaint with their clients, and requested to set October 17, 2025 as the deadline for Defendants to respond to the Complaint.

12.     Also during the Parties' conference on September 12, 2025, Plaintiff's counsel discussed with Defendants' counsel potentially limiting the scope of discovery and moving directly toward expeditiously briefing cross-motions for summary judgment so as to streamline and expedite the resolution of the matter.

13.     On October 1, 2025, Defendants' counsel communicated via email that they "are currently both tied up with unexpected obligations that have arisen in other cases, so we'll need some more time to respond to the complaint in this case."

14.     On October 15, 2025, the Parties met and conferred via web conference. Defendants stated that they would be requesting an additional three-week extension to respond

Page 5  DECLARATION OF CALEB J. BOWERS IN SUPPORT OF PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER

to the Complaint, until November 7, 2025.  Defendants' counsel expressed in substantial effect that they were inclined toward filing cross-motions for summary judgment as Plaintiff had suggested, but would confer with their clients and respond to Plaintiff on that proposal and whether Defendants would file a motion to dismiss.

15.    On October 22, 2025, the Parties again met and conferred via web conference. Defendants' counsel stated in substantial effect that they were leaning toward filing a motion to dismiss.  The parties then discussed Plaintiff's intent to file a motion for preliminary injunction. Plaintiff also inquired whether would DEQ would pause invoices for Plaintiff's members, and Defendants' counsel stated to the effect that DEQ could not unilaterally decide not to invoice certain entities absent a court order.

16.    Plaintiff worked promptly to file its Motion for a Preliminary Injunction in November 2025, after the meet and confer process had been exhausted but in sufficient time to brief and have the matter heard before the next round of EPR invoices become due.

I hereby declare under penalty of perjury of the laws of the United States that the foregoing statements are true and correct.

Executed on this 16th day of January 2026, in Los Angeles, California.

_____
Caleb J. Bowers