Darin Sands, OSB No. 106624
dsands@bradleybernstein.com
BRADLEY BERNSTEIN SANDS LLP
1211 NW Glisan St., Ste 204
Portland, OR 97209
Telephone: +1 503-734-2480

David R. Carpenter*
drcarpenter@sidley.com
Caleb J. Bowers*
cbowers@sidley.com
Alexandra T. Mushka*
amushka@sidley.com
SIDLEY AUSTIN LLP
350 South Grand Avenue
Los Angeles, CA 90071
Telephone: +1 213-896-6000
Facsimile: +1 213-896-6600

[Additional counsel on following page]

Attorneys for Plaintiff
NATIONAL ASSOCIATION OF
WHOLESALER-DISTRIBUTORS

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION OF WHOLESALER-DISTRIBUTORS, <br><br> Plaintiff, <br><br> v. <br><br> LEAH FELDON, DIRECTOR, OREGON DEPARTMENT OF ENVIRONMENTAL QUALITY, in her official capacity; MATT DONEGAN, KAREN MOYNAHAN, MARK WEBB, AND SILVIA TANNER, in their official capacities as members of the Oregon Environmental Quality Commission, <br><br> Defendants. | Case No. 3:25-cv-01334-SB <br><br><br> **SUPPLEMENTAL DECLARATION OF ED ALLEN IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER** |

Additional counsel for Plaintiff
National Association of Wholesaler-Distributors

Gordon D. Todd*
gtodd@sidley.com
Richard W. Smith*
rwsmith@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: +1 202-736-8000
Facsimile: +1 202-736-8711

*Pro Hac vice

## SUPPLEMENTAL DECLARATION OF ED ALLEN

I, Ed Allen, declare the following:

1.      I am President of WCP Solutions ("WCP"). I submit this declaration in support of the National Association of Wholesaler-Distributors' Motion for a Preliminary Injunction and/or Temporary Restraining Order in the above-captioned case. The following facts are within my own personal knowledge and, if called upon as a witness, I could and would competently testify thereto.

2.      Since the time of my declaration dated November 21, 2025 (ECF 37), WCP received its January 2026 invoice from Circular Action Alliance ("CAA").  WCP received the invoice on January 20, 2026 and a revised invoice on January 21, 2026.

3.      The total price increase reflected in WCP's January 2026 invoice from CAA reflects an approximately 47% total increase in fees compared with the July 2025 invoice.

4.      WCP has reported only its 2024 calendar year supply data (i.e., products solid into Oregon) to CAA, as requested by CAA to-date.  According to CAA, both its July 2025 invoice and its January 2026 invoice rely on that same data.  Therefore, the increase in charges to WCP would not be caused by any change in sales volume during the applicable period.

I hereby declare under penalty of perjury of the laws of the United States that the foregoing statements are true and correct.


Executed on this 29th day of January 2026, in Portland, Oregon.

/s/ Edward R al
Ed Allen