DAN RAYFIELD
Attorney General
SARA D. VAN LOH #044398
Senior Assistant Attorney General
ALEXANDER C. JONES #213898
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Sara.VanLoh@doj.oregon.gov
            Alex.Jones@doj.oregon.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION OF WHOLESALER-DISTRIBUTORS , <br><br>　　　　　　Plaintiff, <br><br>　　v. <br><br>LEAH FELDON, DIRECTOR, OREGON DEPARTMENT OF ENVIRONMENTAL QUALITY, in her official capacity; MATT DONEGAN, KAREN MOYNAHAN, MARK WEBB, AND SILVIA TANNER, in their official capacities, <br><br>　　　　　　Defendants. | Case No.  3:25-CV-01334-SI <br><br>SECOND SUPPLEMENTAL DECLARATION OF NICOLE PORTLEY IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |

Page 1 -   SECOND SUPPLEMENTAL DECLARATION OF NICOLE PORTLEY IN SUPPORT OF
　　　　　DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY
　　　　　INJUNCTION
　　　　　SV1/jc4/1012527102

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

I, Nicole Portley, hereby declare:

1.  I am employed by the Oregon Department of Environmental Quality ("DEQ") as PRO Program Plan Lead for the Plastic Pollution and Recycling Modernization Act ("RMA"). In my role as Program Plan Lead, I am charged with oversight of the producer responsibility organization ("PRO"), which I predominantly accomplish through review and approval of the PRO program plan and plan amendments. In my time at DEQ I have also served as a technical expert for rulemakings pertaining to producer and PRO obligations under the RMA, and am the main contact person at the agency for producer inquiries regarding the Act.

2.  I make this declaration based on my personal knowledge as well as the records of DEQ. I would testify to the following facts if called as a witness at trial.

3.  I make this declaration to supplement my earlier Declaration of Nicole Portley in Support of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction ("Portley Decl.") and Supplemental Declaration of Nicole Portley in Support of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction ("Suppl. Portley Decl.").

4.  Specifically, I make this declaration to clarify and supplement statements in my earlier declarations about public records requests seeking disclosure of "Appendix G: Detailed Fee-Setting Methodology." As explained in my previous declarations, Appendix G is an appendix to the producer responsibility program plan prepared and submitted by Circular Action Alliance ("CAA"). Appendix G contains additional details about CAA's methodology for setting PRO membership fees. DEQ reviewed and approved Appendix G as part of its review and approval of the program plan as a whole. When submitting Appendix G, CAA asserted that it contained proprietary and confidential information. DEQ has not disclosed Appendix G to members of the public. (*See* Portley Decl. ¶¶ 26–27; Suppl. Portley Decl. ¶¶ 7–9.)

5.  My previous declarations stated that, before my first Declaration was filed on December 22, 2025, no member of the public had filed a public records request seeking

Page 2 -   SECOND SUPPLEMENTAL DECLARATION OF NICOLE PORTLEY IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
SV1/jc4/1012527102

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

disclosure of Appendix G. (Portley Decl. ¶ 27; Suppl. Portley Decl. ¶¶ 8, 13.) I make this declaration to clarify what public records requests have and have not been filed with DEQ and to further explain DEQ's process for responding to such requests.

6. In September 2025, a member of the public submitted a public records request seeking a broad category of documents that could be construed to include Appendix G. However, when DEQ identified Appendix G as a potentially relevant document, the requester chose not to go forward with that request. Because the request did not specify Appendix G, and because the requester ultimately did not pursue the request as to that document, I did not consider the requester to have filed a request for Appendix G, and that understanding was the basis for the statements in my previous declarations on that topic. The specifics of what the requester did request, and how DEQ responded to that request, are further explained below.

7. On September 26, 2025, a member of the public submitted a public records request seeking documents including "[a]ll reports, fee schedules, status updates, and other deliverables submitted by Circular Action Alliance to DEQ in connection with the Recycling Modernization Act, ORS 459A.860-.975 ('RMA'), RMA-implementing regulations under Chapter 340, Division 90 of the Oregon Administrative Rules, and CAA's EPR program plan (collectively, the 'EPR Program'), including the 2025 EPR Program fee schedule, and all correspondence (including notes of telephone conversations, virtual meetings, and emails) between Circular Action Alliance and DEQ regarding estimated, assessed, and paid out EPR Program fees." The request also sought "[a]ll notices of potential liability, including pre-enforcement/enforcement actions such as warning letters, sent by DEQ to private parties for alleged violations of the EPR Program, and all correspondence (including notes of telephone conversations, virtual meetings, and emails) between Circular Action Alliance and DEQ related thereto." The request did not specifically name or refer to Appendix G.

Page 3 -    SECOND SUPPLEMENTAL DECLARATION OF NICOLE PORTLEY IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
SV1/jc4/1012527102

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

8. On October 24, 2025, following correspondence and a phone call with the requestor to further clarify the scope of the request, DEQ responded to the public records request by providing all relevant documentation not claimed confidential, as well as a list of potentially relevant documents that have either been claimed confidential or that are relevant to documents claimed confidential (e.g. notes from meetings in which documents claimed confidential were discussed). That list included Appendix G. For each confidential document in the list, including Appendix G, the list included the fee that the requester would have to pay for DEQ to conduct a confidential business information ("CBI") assessment before disclosing the document. The requester chose not to go forward with the request for any of the documents that required a CBI assessment. For that reason, DEQ did not conduct a CBI assessment with regard to Appendix G and did not disclose Appendix G to the requester.

9. When a member of the public submits a public records request to DEQ, DEQ determines whether the request is subject to a fee to reimburse DEQ for the cost of making the requested records available. *See* ORS 192.324(4)(a) ("The public body may establish fees reasonably calculated to reimburse the public body for the public body's actual cost of making public records available, including costs for summarizing, compiling or tailoring the public records, either in organization or media, to meet the request."). DEQ determines the amount of a potential fee by estimating the time DEQ staff would need to spend on the request and then applying a set fee schedule, which includes hourly rates for different types of DEQ staff. Under the current fee schedule, clerical staff time is billed at $25 per hour, managerial and professional staff time is billed at $30 per hour, attorney time is billed at $159 per hour, and paralegal time is billed at $79 per hour. Fees may also include costs for printing, recordable media, and postage. When calculating estimated fees, DEQ typically corresponds with requesters to narrow or clarify the scope of the request in order to reduce potential fees.

Page 4 -   SECOND SUPPLEMENTAL DECLARATION OF NICOLE PORTLEY IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
SV1/jc4/1012527102

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

10.     When a requested record is potentially exempt from disclosure, the cost of making the record available includes the cost of determining whether an exemption applies. If a record contains or consists of "trade secrets," as defined in Oregon's public records laws, then the record is exempt from disclosure "unless the public interest requires disclosure in the particular instance[.]" ORS 192.345(2).

11.     Accordingly, when a requested record potentially contains trade secrets, DEQ conducts a CBI assessment to determine whether the record contains trade secrets, and if so, whether the public interest requires disclosure in the particular instance. The cost of that CBI assessment will be included in the fee paid by the requester. Before conducting a CBI assessment associated with a public records request, DEQ notifies the requester of the estimated cost of the assessment. *See* ORS 192.324(4)(c) (public body cannot charge fee over $25 "unless the public body first provides the requester with a written notification of the estimated amount of the fee and the requester confirms that the requester wants the public body to proceed with making the public record available"). If the requester confirms that they want to proceed, then DEQ will conduct the CBI assessment, and if DEQ determines that the record is not exempt from disclosure, DEQ will make the record available to the requester. If the requester does not confirm, then DEQ will not conduct the CBI assessment and will not make the record available to the requester.

12.     In response to the September 2025 public records request discussed above, DEQ identified Appendix G and related documents as records that were potentially relevant to the request but that would require a CBI assessment before disclosure. Those documents included three drafts of Appendix G that were submitted by CAA to DEQ, DEQ's responses to the first two drafts (including DEQ's requested edits to those drafts), and notes from meetings between CAA and DEQ in which Appendix G was discussed. I estimated that 16 hours of work would be required to complete the CBI assessment, including 8 hours of professional or managerial staff

Page 5 -   SECOND SUPPLEMENTAL DECLARATION OF NICOLE PORTLEY IN SUPPORT OF
           DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY
           INJUNCTION
SV1/jc4/1012527102

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

time (at $30 per hour) and 8 hours of attorney time (at $159 per hour), for an estimated fee of $1,512. DEQ conveyed this estimate to the requester, and the requester chose not to go forward with the request as to those documents.

13. DEQ considered that a CBI assessment would be necessary for Appendix G and the related documents because CAA had designated Appendix G as confidential and because it appeared to DEQ that the information contained in Appendix G met the definition of a trade secret. However, because no requester has chosen to go forward with a request for Appendix G and pay the costs associated with a CBI assessment, DEQ has not conducted such an assessment. Accordingly, DEQ has not made a formal determination as to whether Appendix G is a trade secret or whether, if it is a trade secret, the public interest requires disclosure in a particular instance.

14. Recently, as discussed in my Supplemental Declaration, a member of the public initiated a public records request that specifically sought disclosure of Appendix G. (*See* Suppl. Portley Decl. ¶ 13.) DEQ responded with an estimated fee that the requester would have to pay, including the estimated costs associated with conducting a CBI assessment. The requester has not confirmed that the requester wants DEQ to proceed with making the record available. Accordingly, DEQ has not begun a CBI assessment with regard to Appendix G and has not made Appendix G available to the requester.

**I declare under penalty of perjury that the foregoing is true and correct.**

DATED January  30 , 2026.

/s Nicole Portley
NICOLE PORTLEY

Page 6 -   SECOND SUPPLEMENTAL DECLARATION OF NICOLE PORTLEY IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
SV1/jc4/1012527102

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## CERTIFICATE OF SERVICE

I certify that on January 30th, 2026, I served the foregoing **SECOND SUPPLEMENTAL DECLARATION OF NICOLE PORTLEY IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| Darin Sands<br>Bradley Bernstein Sands LLP<br>1211 NW Glisan Street, Ste 204<br>Portland, OR 97209<br>  *Of Attorneys for Plaintiff* | ___ HAND DELIVERY<br>___ MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br>___ E-MAIL<br> x  E-SERVE |
| David R. Carpenter<br>Caleb J. Bowers<br>Alexandra T. Mushka<br>Sidley Austin LLP<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>  *Of Attorneys for Plaintiff* | ___ HAND DELIVERY<br>___ MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br>___ E-MAIL<br> x  E-SERVE |
| Gordon D. Todd<br>Richard W. Smith<br>Sidley Austin LLP<br>1501 K Street, N.W.<br>Washington, DC 20005<br>  *Of Attorneys for Plaintiff* | ___ HAND DELIVERY<br>___ MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br>___ E-MAIL<br> x  E-SERVE |

*s/ Sara D. Van Loh*
SARA VAN LOH #044398
Senior Assistant Attorney General
ALEXANDER C. JONES #213898
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Sara.VanLoh@doj.oregon.gov
alex.jones@doj.oregon.gov
Of Attorneys for Defendants

Page 1 -   CERTIFICATE OF SERVICE
          SV1/jc4/996799836

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000