Steven Wilker, OSB No. 911882
  Direct:  503.802.2040
  Email:  steven.wilker@tonkon.com
Maureen S. Bayer, OSB No. 214905
  Direct:  503.802.2115
  Email:  maureen.bayer@tonkon.com
Tonkon Torp LLP
1300 SW Fifth Ave., Suite 2400
Portland, OR 97201
Facsimile:  503.274.8779
    *Attorneys for [Proposed] Intervenors Oregon Business and Industry
    Association, Northwest Grocery Association, and Food Northwest*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(PORTLAND DIVISION)

| | |
|---|---|
| NATIONAL ASSOCIATION OF WHOLESALER-DISTRIBUTORS,<br><br>Plaintiff,<br><br>v.<br><br>LEAH FELDON, DIRECTOR, OREGON DEPARTMENT OF ENVIRONMENTAL QUALITY, in her official capacity,<br><br>Defendant. | Civil No. 3:25-cv-01334-SI<br><br>**[PROPOSED] INTERVENORS OREGON BUSINESS AND INDUSTRY ASSOCIATION, NORTHWEST GROCERY ASSOCIATION, AND FOOD NORTHWEST'S REPLY IN SUPPORT OF MOTION TO INTERVENE** |

## I.    INTRODUCTION

Oregon Business and Industry Association ("OBI"), Northwest Grocery Association, dba Northwest Grocery Retail Association ("NWGRA"), and Food Northwest (collectively, "Proposed Intervenors") respectfully submit the following reply memorandum in support of their Motion to Intervene ("Motion") (Docket number ("Dkt.") 105) and in response to Defendant's Opposition thereto ("Opposition") (Dkt. 126).  Federal Rule of Civil Procedure ("Fed. R. Civ.

PAGE 1 –  [PROPOSED] INTERVENORS' REPLY IN SUPPORT OF MOTION TO
                INTERVENE

P.") 24(b)(1)(B) provides that "on timely motion, the court may permit anyone to intervene who: . . . (B) has a claim or defense that shares with the main action a common question of law or fact." The movant must demonstrate that it meets three threshold requirements: "(1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Cooper v. Newsom*, 13 F.4th 857, 868 (9th Cir. 2021). Notably, Fed. R. Civ. P. 24 is constructed liberally in favor of granting intervention. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (citing *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir.1998)). Proposed Intervenors fall squarely within the requirements for permissive intervention under Fed. R. Civ. P. 24(b) and as such, the Court should exercise its discretion to grant this Motion.

II.     ARGUMENT

    A.     **Proposed Intervenors Share a Common Question of Law and Fact with the Main Action.**

As described in their Motion, Proposed Intervenors have common questions of law and fact with the main action. Though Defendant does not materially discuss Proposed Intervenors' common questions of fact, Proposed Intervenors satisfy the commonality requirement with their common questions of law alone, as Defendant readily admits. (Dkt. 126 at 2–3) (admitting that Proposed Intervenors' claims "share common questions of law with the existing Plaintiff's challenge"); Fed. R. Civ. P. 24(b)(1)(b) (permissive intervention requires the movant to have "common question[s] of law *or* fact") (emphasis added). Accordingly, Proposed Intervenors' satisfaction of the commonality requirement is uncontested.

    B.     **Proposed Intervenors' Motion is Timely.**

Fed. R. Civ. P. 24(b) provides that a motion for permissive intervention must be timely. Considering the "totality of the circumstances," timeliness depends on "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Smith v. Los Angeles Unified School District*, 830 F.3d 843,

PAGE 2 – [PROPOSED] INTERVENORS' REPLY IN SUPPORT OF MOTION TO
        INTERVENE

854 (9th Cir. 2016).  Defendant argues that the Motion is untimely because: (1) trial is less than four months away; (2) intervention would "prejudice Defendant's ability to prepare for trial and effectively litigate this case" due to alleged added complexity; and (3) Proposed Intervenors delayed their Motion unreasonably.  (Dkt. 126 at 3–4).  Defendant's arguments, however, lack both sound reasoning and legal support.

(i)    Stage of Proceeding

Defendant emphasizes that trial is less than four months away as a primary reason for Proposed Intervenors' alleged untimeliness.  Yet, "timeliness is to be determined from all the circumstances and the point to which a suit has progressed is not solely dispositive."  *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 279 (2022) (internal quotations omitted).  Indeed, "the relevant question is not whether [a movant] could have sought intervention sometime before it actually did[,"] but rather "whether [the movant] actually sought to intervene too late."  *Nikon Corp. v. ASM Lithography B.V.*, 222 F.R.D. 647, 650 (N.D. Cal. 2004) (granting permissive intervention where intervening party moved to intervene during the discovery phase, and after the existing parties established the litigation calendar, filed multiple dispositive motions, and participated in the construction of dozens of claim terms).

This case was filed approximately seven months before Proposed Intervenors filed their Motion.  The operative complaint was filed five months before the Motion.  The Motion came less than forty days after this Court ruled on Defendant's Motion to Dismiss and granted Plaintiff's Motion for Preliminary Injunction.  Briefing on this Motion will conclude less than 55 days after those rulings.  Further, no summary judgment motions have been filed.  Despite Defendant's purported concern about the closeness to trial, the existing parties are at the very beginning of the fact discovery phase of litigation, Defendant has not yet produced any discovery, and Defendant has not yet requested any discovery from Plaintiff.  (*See* Dkt. 127 at 1).  Under these circumstances, the Motion is timely as "the real substance of th[e] litigation has not been engaged[.]"  *Nikon Corp.*, 222 F.R.D. at 649; *see also, e.g.*, *MGM Grand Hotel, Inc. v.*

PAGE 3 – [PROPOSED] INTERVENORS' REPLY IN SUPPORT OF MOTION TO
          INTERVENE

*Smith-Hemion Production, Inc.*, 158 F.R.D. 677, 680 (D. Nev. 1994) (granting permissive intervention motion filed approximately six months after case filing and one month after summary judgment motion filing).  The Court should find that the Motion is timely, and not "too late."

        (ii)     Prejudice

The prejudice factor for permissive intervention is assessed as to all existing parties, not only as to Defendant.  *Venegas v. Skaggs*, 867 F.2d 527, 530 (9th Cir. 1989) ("In exercising its discretion to grant or deny permissive intervention, a court must consider whether the intervention will 'unduly delay or prejudice the adjudication of the rights of the *original parties*.'") (emphasis added), *aff'd sub nom.  Venegas v. Mitchell*, 495 U.S. 82 (1990) (quoting Rule 24(b)).  In response to this Motion (and the motion to intervene from American Forest & Paper Association (Dkt. 101)), Plaintiff correctly affirmed that "there is no reason why adding additional plaintiffs at this state would cause any delay or prejudice[,]" particularly considering judicial efficiency, Proposed Intervenors' desire to keep this action on its present schedule, the lack of proposed new claims, and that Plaintiff is "willing to coordinate with the prospective plaintiffs to ensure that trial (including the witness list for the collective plaintiffs) proceeds in a manageable and efficient manner."  (Dkt. 127 at 1).

Nevertheless, Defendant contends that permitting intervention will "significantly prejudice [it]s ability to prepare for trial and effectively litigate this case on this [four-month] timeline" because it will force Defendant to assess Proposed Intervenors' arguments, adjust trial strategy, respond to Proposed Intervenors' Motion for Preliminary Injunction, respond to their discovery requests, and make its own additional discovery requests.  (Dkt. 126 at 3–4).  Defendant's argument presents no factors beyond the baseline realities of adding parties to litigation.  Additional delay "is not alone decisive []otherwise *every* intervention motion would be denied out of hand because it carried with it, almost [by] definition, the prospect of prolonging the litigation[]." *League of United Latin American Citizens v. Wilson*, 131 F.3d

PAGE 4 – [PROPOSED] INTERVENORS' REPLY IN SUPPORT OF MOTION TO
           INTERVENE

1297, 1304 (9th Cir. 1997) (emphasis original); *see also United Bank of Arizona v. Sun Mesa Corp.*, 119 F.R.D. 430, 434 (D. Ariz. 1988) (rejecting defendants' argument that permissive intervention would cause prejudice because it would result in additional litigation work, and emphasizing that courts have adequate procedural tools to manage case complexity without denying intervention). Defendant's attempts to present evidence of excess complexity are unsupported by the facts.

Defendant claims that the addition of Proposed Intervenors would result in too many industries, companies, and products for it to consider in litigation. (Dkt. 126 at 3–4). Yet, Plaintiff itself consists of "approximately 35,000 companies operating nearly 150,000 locations" across "19 commodity lines." (*Id.* at 6). Certainly then, Plaintiff's members already "sell different products in different contexts and accordingly pay different fees" from each other, which Defendant must contend with as part of this litigation. (*Id.* at 3). Comparatively, though primarily representing the interests of the food, beverage, and grocery industry, Proposed Intervenors are quite small. (*See, e.g.*, Dkt. 105 at 3 (describing OBI's membership count as 1,600 (4.5% of Plaintiff's membership count) and NWGRA's member locations count as 1,000 (0.6% of Plaintiff's member locations count); Dkt. 116 at 2 (describing FNW's membership count as 200 (0.5% of Plaintiff's membership count)). Why four months is sufficient for Defendant to conduct allegedly necessary particularized analyses for Plaintiff's 35,000 members, but Defendant could not also include Proposed Intervenors' members in such an effort, is unexplained.

Regardless, Defendant's focus on the size of the parties is a red herring. As a constitutional question case, the focus of this litigation is on the constitutionality, or lack thereof, of the Oregon Plastic Pollution and Recycling Modernization Act (the "Act") under due process and interstate commerce burdening principles. That focus does not change with the addition of Proposed Intervenors who are not bringing any new claims. (*See* Dkt. 126 at 5, 9). Indeed, this is not a suit for relief in which each party or party member would need to establish

PAGE 5 – [PROPOSED] INTERVENORS' REPLY IN SUPPORT OF MOTION TO
      INTERVENE

individualized damages.  At most, situations of a handful of individual members are examples of the Act resulting in regulated parties needing to seek equitable relief, as evidenced by Plaintiff's Motion for Preliminary Injunction, and Proposed Intervenors' Motion for Preliminary Injunction mirroring that same structure.

Defendant's emphasis on the increased scope that Proposed Intervenors would allegedly bring to this action is similarly misguided.  The breadth of this issue stems not from the potential addition of affected parties, but from the sweeping reach and consequences of the Act itself.  If a statutory scheme is so broad as to affect nearly all industries and all suppliers, distributors, and manufacturers with some, even small, level of connection to the State of Oregon, naturally parties from across those sectors would be involved in resulting litigation.  Defendant cannot blame Proposed Intervenors for such "complexity."

Finally, *denial* of permissive intervention would easily result in the very delays Defendant claims concern over, running contrary to judicial economy.  *See Venegas*, 867 F.2d at 531 ("judicial economy is a relevant consideration in deciding a motion for permissive intervention").  As Plaintiff identified in its Response in Support of Motions to Intervene, Proposed Intervenors would be forced to file their own lawsuit against Defendant to protect their interests should they be denied entry to the instant matter.  (Dkt. 127 at 1).  Due to the commonality of claims and facts, and the risk of inconsistent rulings, a separate action would require consolidation or coordination with this litigation, regardless.  *Id.*  Doing so would necessarily come at a later stage in this litigation than the parties are at now.  Defendant's opposition to this Motion is undeniably counterproductive.

(iii)     Reason for Delay

Defendant's argument on the reason for delay factor is largely repetitive of other sections. Defendant's focus on time elapsed since various events in the proceeding is, however, not the primary inquiry.  Again, "the relevant question is not whether [a movant] *could* have sought intervention sometime before it actually did[,"] but rather "whether [the movant] *actually* sought

PAGE 6 – [PROPOSED] INTERVENORS' REPLY IN SUPPORT OF MOTION TO
         INTERVENE

to intervene too late." *Nikon Corp.*, 222 F.R.D. at 650 (emphasis added). As described in their Motion and above, Proposed Intervenors have not sought to intervene too late, as the substance of the litigation has yet to proceed. *See Nikon Corp.*, 222 F.R.D. at 649. Proposed Intervenors waited until after Defendant's Motion to Dismiss was decided so as to not bring claims unnecessarily. Further, Proposed Intervenors waited until it became clear that their members' interests could be protected by preliminary injunction, but were not protected by the one granted. Intervening after these events, but before substantive litigation is demonstrably not too late. *See Nikon Corp.*, 222 F.R.D. 647 (granting permissive intervention where intervening party moved to intervene during the discovery phase, and after the existing parties established the litigation calendar, filed multiple dispositive motions, and participated in the construction of dozens of claim terms).

Finally, Defendant's claimed concern about the proximity to trial is not supported by its own actions. Instead of proceeding through discovery as soon as its Motion to Dismiss was decided, Defendant has evidently opted not to propound any discovery requests in this matter nor produce any discovery requested of it. Instead, Defendant has decided to expend its efforts during this "expedited timeline" to ask the Court to reconsider its order granting Plaintiff's preliminary injunction. (*See* Dkt. 95). These are not the actions of a party scrambling to meet a deadline. Proposed Intervenors had valid reasons for intervening at the current juncture, and intervention should be permitted.

**C.    The Court has Independent Jurisdiction Over Proposed Intervenors' Claims.**

As discussed in the Motion, Defendant cannot reasonably challenge jurisdiction here since Proposed Intervenors bring no new claims in this federal-question case, (Dkt. 105 at 8–9), and Defendant's Opposition is silent on the matter. Accordingly, this factor is satisfied.

**D.    Pleading Submission.**

In yet another example of Defendant contradicting its supposed interest in efficiency, Defendant requests that if the Court grants permissive intervention, the Court should "require[]

PAGE 7 – [PROPOSED] INTERVENORS' REPLY IN SUPPORT OF MOTION TO
       INTERVENE

Proposed Intervenors to comply with Federal Rule of Civil Procedure 24(c) by submitting a 'pleading that sets out the claim or defense for which intervention is sought.'" (Dkt. 126 at 5) (quoting Fed. R. Civ. P. 24(c)).  In practice, however, a separate pleading is not required. *Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992) ("Courts, including this one, have approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion.").  Though Proposed Intervenors did not attach a separate pleading, they certainly describe their claims with "sufficient specificity" in the Motion itself for the Court and parties to properly ascertain them.  (*See id.* at 475; Dkt. 105 at 4–7).  Further, Defendant cannot reasonably contend that it is unaware of Proposed Intervenors' claims against it, particularly where their claims are the same as those of Plaintiff.  Additional pleadings in this circumstance are unnecessary and counterproductive to efficiency.  Regardless, Proposed Intervenors will file such a pleading should the Court request it.

## III.    CONCLUSION

For the forgoing reasons, and those articulated in Proposed Intervenors' Motion, the Court should grant Proposed Intervenors' Motion to Intervene in its entirety.

DATED:  March 30, 2026.

TONKON TORP LLP


By:   *s/ Maureen Bayer*
      Steven Wilker, OSB No. 911882
        Direct:  503.802.2040
        Email:  steven.wilker@tonkon.com
      Maureen S. Bayer, OSB No. 214905
        Direct:  503.802.2115
        Email:  maureen.bayer@tonkon.com
      *Attorneys for [Proposed] Intervenors Oregon Business and Industry Association, Northwest Grocery Association, and Food Northwest*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **[PROPOSED] INTERVENORS OREGON BUSINESS AND INDUSTRY ASSOCIATION, NORTHWEST GROCERY ASSOCIATION, AND FOOD NORTHWEST'S REPLY IN SUPPORT OF MOTION TO INTERVENE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the counsel of record for each party in this case.

DATED: March 30, 2026.

TONKON TORP LLP

By: _s/ Maureen Bayer_
    Steven Wilker, OSB No. 911882
     Direct: 503.802.2040
     Email: steven.wilker@tonkon.com
    Maureen S. Bayer, OSB No. 214905
     Direct: 503.802.2115
     Email: maureen.bayer@tonkon.com
    *Attorneys for [Proposed] Intervenors Oregon*
    *Business and Industry Association, Northwest*
    *Grocery Association, and Food Northwest*

039545\00002\19417708v3

PAGE 1 – CERTIFICATE OF SERVICE