AMY EDWARDS, OSB No. 012492
amy.edwards@stoel.com
RACHELLE D. COLLINS, OSB No. 214059
rachelle.collins@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

*Attorneys for Intervenor American Forest & Paper
Association*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION OF WHOLESALER-DISTRIBUTORS, | Case No.:  3:25-cv-01334-SI |
| Plaintiff, | **AMERICAN FOREST & PAPER ASSOCIATION'S REPLY TO SUPPORT MOTION FOR INTERVENTION** |
| v. | |
| LEAH FELDON, DIRECTOR, OREGON DEPARTMENT OF ENVIRONMENTAL QUALITY, IN HER OFFICIAL CAPACITY; MATT DONEGAN; KAREN MOYNAHAN, MARK WEBB, AND SILVIA TANNER, IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE OREGON ENVIRONMENTAL QUALITY COMMISSION, | |
| Defendants. | |

## I.  INTRODUCTION

American Forest & Paper Association ("AF&PA") should be granted intervention in this case because it has satisfied the requirements of both intervention as a matter of right and permissive intervention under Fed. R. Civ. P. 24(a)-(b).  In response, Defendant Leah Feldon ("Defendant") asserts that AF&PA's Motion to Intervene [Dkt. 101] ("Motion") should be denied because it has not demonstrated a significant protectable interest and the Motion is untimely and prejudicial to her defense.  Neither argument is supported by the circumstances of this case.

## II.  ARGUMENT

### A.     AF&PA Is Entitled to Intervene as a Matter of Right.

Defendant contends that AF&PA has not met the second and third factors for intervention as a matter of right.  As discussed in its Motion and below, both factors support AF&PA's position.

#### 1.     AF&PA Has Satisfied the Second Factor.

AF&PA has adequately demonstrated that it has a "significant protectable interest relating to the property or transaction that is the subject of the action." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).  Defendant asserts that disposition of the case in favor of Defendant would not change the position of AF&PA's members as it relates to the application of the Oregon's Plastic Pollution and Recycling Modernization Act (the "Act"), nor would it preclude AF&PA from bringing its own separate action challenging the constitutionality of the Act.  (Defendant's Response in Opposition to AF&PA's Motion to Intervene [Dkt. 125] ("Opp.") at 2.)  But Defendant's argument ignores two important impacts of the current action that would "'substantially affect[ AF&PA's members] in

Page 2 – AMERICAN FOREST & PAPER ASSOCIATION'S REPLY TO SUPPORT
MOTION FOR INTERVENTION
152499582.3 0083679-00002

a practical sense.'" *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (quoting Fed. R. Civ. P. 24 advisory committee's notes). First, any decision in Defendant's favor would be adverse precedent, which would hinder any future action by AF&PA by making such an action impracticable, even if not legally preclusive.

Second, a decision in favor of National Association of Wholesaler-Distributors ("NAW") that is limited to only NAW and its members would adversely affect AF&PA and its members—as well as other entities subject to the "extended producer responsibility" ("EPR") program—by increasing the costs of the program for each remaining producer. *See, e.g.*, Or. Rev. Stat. § 459A.884(1); (Declaration of Mark Pitts [Dkt. 103] ("Pitts Decl.") ¶¶ 19, 23). Even if AF&PA prudently prosecuted its claims, there is no guarantee that additional EPR fees would not come due during that period, and the Oregon Department of Environmental Quality ("DEQ") has already stated that it will neither stay enforcement of the Act nor grant refunds to producers who pay assessed EPR fees. (Pitts Decl., Ex. 2.) For these reasons, AF&PA and its members have a "significant protectable interest" relating to this action.

### 2. AF&PA Has Satisfied the Third Factor.

AF&PA's Motion is timely. Defendant asserts, without any factual support, that AF&PA's intervention—along with intervention by Oregon Business and Industry Association ("OBI"), Northwest Grocery Retail Association ("NWGRA"), and Food Northwest—will increase the number of plaintiffs and "expand the scope of the case to include new questions of fact and law." (Opp. at 3.) Yet neither AF&PA, OBI, NWGRA, nor Food Northwest intend to plead any new claims in the case, but instead have all expressly stated that they would proceed with the same Dormant Commerce Clause and Due Process Clause claims that have been

Page 3 – AMERICAN FOREST & PAPER ASSOCIATION'S REPLY TO SUPPORT
MOTION FOR INTERVENTION
152499582.3 0083679-00002

advanced by NAW and still remain in the case following the Court's February 6, 2026 Order. (Motion at 12; OBI, NWGRA, and Food Northwest Motion to Intervene [Dkt. 105] at 5.)

Defendant's complaint regarding discovery rings hollow since she has yet to issue any discovery to NAW in this case notwithstanding the expedited trial schedule. (NAW's Response to Support Motions to Intervene [Dkt. 127] at 2.)  Further, while AF&PA represents a different industry, its members face similar impacts from EPR as do NAW's members.  (*See* Motion at 10-12.)  The fact that each individual member of NAW, AF&PA, OBI, NWGRA, or Food Northwest may be impacted in different ways by the Act does not substantially increase the burden of Defendant in relation to discovery or preparation for trial.  Defendant, not NAW or any of the proposed intervenors, has full access to the Circular Action Alliance's information regarding EPR fees and other aspects of the program.[1]  (*See, e.g.*, Pitts Decl. ¶¶ 6, 19-20, 27.)  It is hard to see how, under these circumstances, Defendant will be prejudiced by AF&PA's intervention.[2]

Defendant also takes issue with AF&PA's decision to intervene now as opposed to some earlier point in the case.  (Opp. at 4.)  Yet AF&PA's Motion was filed at the early stages of the case and before any significant discovery.  (Motion at 11.)  Furthermore, AF&PAs' decision to intervene was directly tied to DEQ's refusal to stay application of the Act.  DEQ does not deny that its own decision precipitated AF&PA's Motion but asserts that AF&PA could have filed its

---

[1] Defendant also repeatedly mentions the July 2026 trial as a reason why she would be prejudiced by intervention of AF&PA and others.  (*See generally* Opp.)  But the Court set the expedited trial date, in part, for Defendant's benefit—in order to avoid "any havoc" on the implementation of the program should she prevail.  (Declaration of Amy Edwards, Ex. 1 at 84-85.)

[2] As Defendant acknowledges, AF&PA could file its own separate action challenging the Act.  In that event, Defendant would have the same alleged burden in terms of discovery and there is no guarantee that such an action would not also proceed on an expedited schedule.

Page 4 – AMERICAN FOREST & PAPER ASSOCIATION'S REPLY TO SUPPORT
MOTION FOR INTERVENTION
152499582.3 0083679-00002

Motion weeks earlier because DEQ stated its position in the February 13, 2026, letter.  (Opp. at 4.)  AF&PA moved as expeditiously as possible under the circumstances to prepare its motions to intervene and for preliminary injunction along with the supporting declaration.  There was no impermissible delay.

**B.      AF&PA Is Entitled to Permissive Intervention.**

Defendant's arguments against AF&PA's motion for permissive intervention largely track her position as to intervention a matter of right—that AF&PA's motion is not timely and that she will be prejudiced by AF&PA's participation in the case.  (Opp. at 4-5.)  As discussed above, however, neither argument is supported by the facts and circumstances presented here and, in all events, motions for permissive intervention are to be construed liberally in favor of the moving party.  *See Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir.), *as amended* (May 13, 2003) ("Rule 24 traditionally receives liberal construction in favor of applicants for intervention.").

**C.      Defendant's Request for Pleading Pursuant to Rule 24(c).**

Although AF&PA is clear in its Motion that it does not intend to introduce any new claims, instead, will prosecute only the remaining claims advanced by NAW, (Motion at 12), Defendant nonetheless requests that AF&PA be required to "comply with Federal Rule of Civil Procedure 24(c) by submitting 'a pleading that sets out the claim or defense for which intervention is sought.'"  (Opp. at 5 (quoting Fed. R. Civ. P. 24(c)).)  Furthermore, AF&PA has submitted a detailed declaration to support this Motion as well as its motion for preliminary judgment which largely responds to Defendant's stated concern that AF&PA make "clear the basis of its claims regarding the impacts and the constitutionality of the [Act] as applied to

Page 5 – AMERICAN FOREST & PAPER ASSOCIATION'S REPLY TO SUPPORT MOTION FOR INTERVENTION
152499582.3 0083679-00002

AF&PA and its members." (*Id.*) Nonetheless, AF&PA will comply with this requirement if the Court concludes that it is necessary or helpful.

### III. CONCLUSION

For the reasons stated above and in its Motion, AF&PA requests that the Court grant its motion to intervene.

DATED:  March 30, 2026          STOEL RIVES LLP

*/s/ Amy Edwards*
AMY EDWARDS, OSB No. 012492
amy.edwards@stoel.com
RACHELLE D. COLLINS, OSB No. 214059
rachelle.collins@stoel.com
Telephone:  (503) 224-3380

*Attorneys for Intervenor American Forest &
Paper Association*