IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NATIONAL ASSOCIATION OF WHOLESALER-DISTRIBUTORS,<br><br>      Plaintiff,<br><br>      v.<br><br>LEAH FELDON, DIRECTOR, OREGON DEPARTMENT OF ENVIRONMENTAL QUALITY, in her official capacity,<br><br>      Defendant. | Case No. 3:25-cv-1334-SI<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION BUT CLARIFYING ORDER OF PRELIMINARY INJUNCTION** |

**Michael H. Simon, District Judge.**

Defendant has moved for reconsideration of the Court's Order preliminarily enjoining Oregon's Plastic Pollution and Recycling Modernization Act (the "Act"). ECF 95. Because Defendant has not made the necessary showing for reconsideration, the Court denies the motion.[1] In her reply brief, however, Defendant alternatively "asks that the Court issue a further order clarifying the scope of the injunction." ECF 132 at 2.[2] The Court construes that request as a motion for clarification and agrees that clarification is appropriate.

---

[1] Notwithstanding Defendant's request for oral argument, the Court does not believe that oral argument would assist in resolving the pending motion. *See* LR 7-1(d)(1).

[2] Although the Court typically does not consider arguments raised for the first time on reply, it exercises its discretion to do so here. *Lane v. Dep't of Interior*, 523 F.3d 1128, 1140 (9th Cir. 2008) (citing *Glenn K. Jackson, Inc. v. Roe*, 273 F.3d 1192, 1201-02 (9th Cir. 2001)).

PAGE 1 – ORDER

Rule 54(b) of the Federal Rules of Civil Procedure provides that any order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." "The rule, however, does not address the standards that a district court should apply when asked to reconsider an interlocutory order, and the Ninth Circuit has not established a standard of review." *Unigestion Holding, S.A. v. UPM Tech., Inc.*, 614 F. Supp. 3d 823, 828 (D. Or. 2022). Courts in this circuit generally look to the standards under Rule 59(e). *See, e.g.*, *Mi Familia Vota v. Fontes*, 344 F.R.D. 496, 528 (D. Ariz. 2023); *Sessa v. Ancestry.com Operations Inc.*, 713 F. Supp. 3d 997, 1001-02 (D. Nev. 2024). Under this standard, a court has discretion to reconsider if: (1) it is presented with newly discovered evidence; (2) it committed clear error or made an initial decision that was manifestly unjust; or (3) there is an intervening change in controlling law. *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011); *see also Washington v. U.S. Dep't of Homeland Sec'y*, 598 F. Supp. 3d 1051, 1076 (E.D. Wash. 2020) ("[C]ourts in this circuit disfavor motions for reconsideration and deny them absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." (quotation marks omitted)). Applying the Rule 59(e) standard to an interlocutory order, to establish entitlement to reconsideration based on newly discovered evidence, the movant must show that: (1) "the evidence was discovered after [the order at issue]," (2) "the exercise of due diligence would not have resulted in the evidence being discovered at an earlier stage," and (3) the newly discovered evidence is of such magnitude that production of it earlier would likely have changed the outcome of the [order]." *See Defs. of Wildlife v. Bernal*, 204 F.3d 920, 929 (9th Cir. 2000) (discussing the newly discovered evidence standard in the context of Rule 59(e)).

PAGE 2 – ORDER

"A motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original) (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). A motion for reconsideration thus "is not a mechanism to get a 'do over' to try different arguments or present additional evidence when the first attempt failed." Stephen S. Gensler & Lumen N. Mulligan, 2 *Fed. R. of Civ. P., Rules & Commentary*, Rule 54 (2022); *see also Brown v. S. Nev. Adult Mental Health Servs.*, 2014 WL 2807688, at \*2 (D. Nev. June 20, 2014) ("While a motion for reconsideration allows a party to bring a material oversight to the court's attention, it is not appropriate for a party to request reconsideration merely to force the court to think about an issue again in the hope that it will come out the other way the second time." (cleaned up)).

Defendant first argues that newly discovered evidence—NAW's membership list and the practical impact of the number of NAW's members on the administration of the plastic recycling program—justifies reconsideration. Applying the *Bernal* test, these facts do not support reconsideration. Defendant did not show that she exercised due diligence in seeking NAW's membership list before the preliminary injunction. *See Contempo Metal Furniture Co. of Cal. v. E. Tex. Motor Freight Lines, Inc.*, 661 F.2d 761, 766 (9th Cir. 1981) (holding, in context of motion for new trial, that "the movant must show that [s]he failed to discover the evidence earlier although [s]he exercised due diligence."). Defendant did not request the list, either through expedited discovery or an evidentiary hearing. Defendant implies that due diligence would have been futile because NAW's membership list is ever-changing. That the information is evolving, however, does not relieve Defendant of her obligation to attempt diligently to

PAGE 3 – ORDER

discover it at a specific point in time. Because Defendant could have earlier discovered the breadth of NAW's membership, she could also have earlier discovered the effect of the injunction on the program.[3] Reconsideration therefore is not justified because of newly discovered evidence.

Defendant next argues for reconsideration because "the Court did not address the extensive evidence in the record explaining the significant harm that an injunction could cause small businesses, cities, and residents throughout the State." ECF 95 at 12. In support, Defendant quotes the Court's discussion of the equities at the preliminary injunction hearing:

> There are some articulated equities that tip in favor of plaintiff, but *I see nothing to counterbalance that on behalf of defendant*, provided we get to trial soon and make a decision soon . . . . I think that if we move expeditiously to trial, and I move expeditiously to get you a decision, *there will not be any seriously adverse repercussions to the implementation of the plan*, and therefore the balance of the equities tips sharply in favor of the plaintiff.

*Id.* (quoting Tr. 90:3-6, 90:15-19 (emphases in ECF 95)).

In weighing the equities, the Court considered the harm to Defendant. As explained, the Court concluded that those harms would be appropriately mitigated if the parties were able to proceed expeditiously to trial in July 2026. Although the Court did not make express findings with respect to every harm proffered by Defendant, the Court is not "required . . . to mention every item of evidence and either adopt it or reject it." *W. Pac. Fisheries, Inc. v. S.S. Pres. Grant*, 730 F.2d 1280, 1285 (9th Cir. 1984). Defendant also summarizes previously submitted declarations.[4] The Court has already considered that evidence. It declines the invitation for a

---

[3] In her reply brief, Defendant asserts that Oregon's Department of Environmental Quality now "understands that fee receipts from the March 6 deadline are thankfully sufficient to carry the program through July." ECF 132 at 2.

[4] The declarations include those from local business owners Rob Thompson (ECF 51), Stephen Henry (ECF 54), Scott Jenkins (ECF 53), Sam Miller (ECF 52), and Dori John

PAGE 4 – ORDER

do-over. *See Maraziti v. Thorpe*, 52 F.3d 252, 255 (9th Cir. 1995) (holding, in context of Rule Rule 60(b), that "the motion was properly denied" when it "merely reiterated the arguments that [the litigant] had already presented to the district court"); *Brown*, 2014 WL 2807688, at *2. Reconsideration also is not justified on the basis of clear error by the Court in weighing the balance of equities.

Finally, in her reply brief, Defendant asserts for the first time that the Court should enter a separate order clarifying the scope of the injunction. The Court construes this request as a motion to clarify the scope of the injunction. Defendant argues that clarification is necessary because NAW is adopting a "shifting" position with respect to who its members are, and covered producers under the Act are approaching DEQ claiming to be exempt from the Act's fees as members of NAW. Put together, Defendant argues, these two factors are making it nearly impossible for DEQ to comply with the injunction while enforcing the Act against producers who are not members of NAW.

Other federal district courts limit associational, preliminary relief to the members of the organization at the time the injunction is entered.[5] This approach ensures that the enjoined party

---

(ECF 50), as well as declarations from City of Portland Solid Waste and Recycling Division Manager R. Eben Polk (ECF 55) and the Executive Director of an association representing Oregon's residential refuse and recycling companies, Kristan S. Mitchell (ECF 49). The declarations describe the expenses that local businesses and governments have incurred in expectation that the Program will be implemented.

[5] *See, e.g., Farmworker Ass'n of Fla., Inc. v. Uthmeier*, 792 F. Supp. 3d 1306, 1321 (S.D. Fla. 2025) ("To ensure that [the organization] is afforded complete relief—but mindful that an injunction shouldn't be indefinite or harmful to the plaintiffs—our injunction will apply only to persons who can verify that they were active . . . members *as of the date of this Order*." (emphasis in original)); *Teche Vermilion Sugar Cane Growers Ass'n Inc. v. Su*, 2024 WL 4729319, at *3 (W.D. La. Nov. 7, 2024) ("[T]he preliminary injunction should only apply to the named Plaintiffs and their members as of the date of the injunction order, and not to future members of the Association Plaintiffs.").

PAGE 5 – ORDER

knows how to comply with the injunction while maintaining flexibility for the court, as limited preliminary relief does not preclude broader permanent relief.[6] The Court finds wisdom in that approach and clarifies its preliminary injunction accordingly.

## CONCLUSION

The Court DENIES Defendant's motion for reconsideration. ECF 95. The Court, however, construes Defendant's alternative request for clarification of the scope of injunction (ECF 132) as a motion for clarification and GRANTS it. The Court's Injunction (ECF 88) is hereby supplemented and clarified as follows: Defendant Leah Feldon is ENJOINED from enforcing the Plastic Pollution and Recycling Modernization Act against Plaintiff National Association of Wholesaler-Distributors and the members of that organization that were members as of February 6, 2026. Defendant Leah Feldon may continue to enforce the Plastic Pollution and Recycling Modernization Act against Members of Plaintiff National Association of Wholesaler-Distributors who joined the organization after February 6, 2026.

**IT IS SO ORDERED.**

DATED this 6th day of April, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[6] Granting permanent relief to all organization members (current and future) is important to avoid the potential strain on judicial economy that would result from requiring all future members of the Plaintiff organization to file a new lawsuit to avail themselves of relief. *See Christian Emps. All. v. Azar*, 2019 WL 2130142, at *4-5 (D.N.D. May 15, 2019) (discussing benefits of issuing permanent injunction that protects current and future members to prevent drain on judicial resources stemming from requiring future members to file their own lawsuits). Accordingly, the *Teche Vermilion Sugar Cane Growers Association* court, which limited preliminary relief to organization members at the time of entry of the injunction, stated that it would "reconsider the scope of the injunctive relief should Plaintiffs ultimately prevail on the merits of their claims." 2024 WL 4729319, at *3.

PAGE 6 – ORDER