# EXHIBIT B

DAN RAYFIELD
Attorney General
SARA D. VAN LOH #044398
Senior Assistant Attorney General
ALEXANDER C. JONES #213898
YOUNGWOO JOH #164105
Assistant Attorneys General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Sara.VanLoh@doj.oregon.gov
        Alex.Jones@doj.oregon.gov
        YoungWoo.Joh@doj.oregon.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION OF WHOLESALER-DISTRIBUTORS , <br><br> Plaintiff, <br><br> v. <br><br> LEAH FELDON, DIRECTOR, OREGON DEPARTMENT OF ENVIRONMENTAL QUALITY, in her official capacity, <br><br> Defendant. | Case No.  3:25-CV-01334-SI <br><br> DEFENDANT'S WITNESS LIST |

Defendant Leah Feldon, in her official capacity as Director of the Oregon Department of

Environmental Quality, by and through her counsel of record, submits the following witness list.

Page 1 -    DEFENDANT'S WITNESS LIST
        SV1/jc4/1019479327

Defendant respectfully reserves the right to supplement or otherwise amend this list, including the right to withdraw any witness, upon appropriate application to the Court.

1. **Nicole Portley**, PRO Program Plan Lead for the Plastic Pollution and Recycling Modernization Act, Oregon Department of Environmental Quality

Expected Testimony: Portley is anticipated to testify about DEQ's implementation of the RMA, including rulemaking, review and approval of draft program plans, DEQ engagement with the PRO and producers, and the initial stages of potential enforcement of the RMA against noncompliant producers.

Portley will testify regarding the history and background of the RMA itself and the circumstances that led to the enactment of the RMA. She will testify that, in 2018, changes in Chinese regulations led to a loss of overseas markets for recyclable paper and plastics, which disrupted recycling systems worldwide, including in Oregon. She will testify that in May 2018, DEQ convened a Recycling Steering Committee to consider how to address problems in Oregon's recycling system, and that the Committee engaged in a two-year process of research, analysis, public meetings, listening sessions, and surveys, culminating in a "recommended concept" for modernizing Oregon's recycling system in 2020. She will testify that the following year, in 2021, the Oregon Legislative Assembly enacted the RMA. Portley will testify that the RMA is one of multiple extended producer responsibility ("EPR") programs that DEQ administers, and that the RMA is an EPR program focused on packaging, printing and writing paper, and food serviceware.

Portley will testify regarding rulemaking by DEQ to implement the RMA. She will testify that DEQ and the Environmental Quality Commission ("EQC") have engaged in multiple rulemakings to implement the RMA, including one round from 2022 to 2023, and another from 2023 to 2024. She will testify that each rulemaking included six to eight meetings of a Rulemaking Advisory Committee, multiple topic-specific consultations with the Oregon Recycling System Advisory Council, periods for public comment on the draft rules, and two

Page 2 -  DEFENDANT'S WITNESS LIST
SV1/jc4/1019479327

public hearings. She will testify that each of those meetings included opportunity for written or verbal public input.

Portley will testify regarding DEQ's engagement with prospective producer responsibility organizations ("PROs"). She will testify that, from 2022 to 2024, DEQ held extensive consultations with prospective PROs, including Circular Action Alliance ("CAA").

Portley will testify regarding DEQ's review and approval of producer responsibility program plans. She will testify that, between March 2024 and February 2025, CAA submitted three draft program plans, each of which was reviewed by DEQ and was made available for public comment. Portley will testify that DEQ rejected the first two drafts, provided explanations and recommendations for the rejections, and then approved the third draft plan, subject to changes directed by DEQ, after determining that the plan satisfied the requirements of the RMA and its implementing rules. Portley will testify that CAA has submitted proposed amendments to the program plan, which have likewise been subject to DEQ review.

Portley will testify regarding portions of the program plan over which CAA has asserted confidentiality. Specifically, Portley will testify that, as part of its draft plan submissions, CAA submitted drafts of Appendix G to the program plan, which contains additional details about CAA's fee methodology. Portley will testify that, as with the rest of the program plan, DEQ has reviewed each submitted version of Appendix G to determine whether it satisfies the requirements of the RMA and implementing rules, that DEQ has approved Appendix G only after determining that it satisfied those requirements. Portley will testify that CAA has designated Appendix G as confidential and has asserted that it contains trade secrets. Portley will testify that DEQ has not publicly disclosed the information in Appendix G, because of the claimed confidentiality and because no member of the public gone through with the process under Oregon law for requesting that information. Portley will testify that, if a member of the public were to submit a public records request for Appendix G and agree to pay the fee associated with processing such a request, then DEQ would make a formal determination on

Page 3 -    DEFENDANT'S WITNESS LIST
SV1/jc4/1019479327

whether the information in Appendix G is exempt from disclosure under Oregon's public records laws, including determining whether the information is a trade secret and whether the public interest requires disclosure.

Portley will testify regarding DEQ's ongoing engagement with CAA and producers. Portley will testify that DEQ frequently communicates with CAA about the RMA, the approved program plan, CAA's implementation of the program plan, and proposed or potential changes to the program plan. Portley will testify that DEQ has responded to inquiries from CAA as well as from producers regarding the scope and nature of the PRO's and producers' obligations under the RMA. Portley will testify that, upon request from a producer, DEQ provides assistance and interpretation of statutory rule provisions, including provisions defining and specifying covered producers and responsible producers. Portley will testify that, since 2022, DEQ has met and corresponded with hundreds of such producers, including distributors, to provide such assistance. Portley will testify that DEQ shares those interpretations with CAA to ensure that DEQ and CAA provide consistent feedback to producers.

Portley will testify regarding DEQ's role in enforcing the RMA against both the PRO and producers, and regarding the initial stages of potential enforcement against producers who are not in compliance with their obligations. Portley will testify that, pursuant to the RMA, CAA has notified DEQ of noncompliant producers and that DEQ has sent those producers notifications, giving those producers an opportunity to correct their noncompliance within 30 days, after which the notification will be subject to escalation to enforcement. Portley will testify that, so far, no such escalation to enforcement has occurred.

It is expected that Portley's testimony will take 5 hours.

2. **Erin Saylor**, Manager, Office of Compliance and Enforcement, Oregon Department of Environmental Quality

Expected Testimony: Saylor is anticipated to testify regarding DEQ's formal enforcement processes as carried out by DEQ's Office of Compliance and Enforcement ("OCE") and how

Page 4 -    DEFENDANT'S WITNESS LIST

those processes relate to enforcement of the RMA.  Saylor will testify that, to date, OCE has not engaged in any enforcement process for violations of the RMA.  Saylor will testify that any such process would begin after OCE receives a referral from DEQ's Materials Management Program. Saylor will testify that OCE would work with the Materials Management Program to determine whether OCE can establish that a violation occurred.  Saylor will testify that each enforcement process depends on the specific facts of the violation, and that OCE would consider those facts in determining whether and how to move forward with an enforcement action, including whether to issue a civil penalty and the amount of that civil penalty.  Saylor will testify that DEQ's enforcement authority and processes are set forth in statute and administrative rules, and that DEQ also has general and program-specific enforcement guidance.  Saylor will testify that, in any enforcement action against any of Plaintiff's members for noncompliance with producer obligations under the RMA, DEQ would follow the same processes as it would for any other producer. Saylor will testify that a company subject to a formal enforcement action is entitled to notice and a hearing before an administrative law judge under the Oregon Administrative Procedures Act.

It is estimated that Saylor's testimony will take one hour.

3. **David Allaway**, Senior Policy Analyst, Oregon Department of Environmental Quality

Expected Testimony: Allaway is expected to testify regarding DEQ's understanding and assessment of the environmental benefits associated with implementation of the RMA and the Oregon Program Plan.  Allaway will further testify regarding his communications on behalf of DEQ with CAA with respect to the RMA during Nicole's leave of absence.  With regard to that period, Allaway will testify regarding DEQ's review and approval of the second plan amendment to CAA's Program Plan, DEQ's review and approval of an amendment to Appendix G to the Program Plan, and DEQ's handling of producer escalations.  He will testify that DEQ reviewed those amendments, directed CAA to make changes, and approved the amendments after determining that it satisfied the requirements of the RMA and implementing rules.  He will

Page 5 -    DEFENDANT'S WITNESS LIST
SV1/jc4/1019479327

testify that DEQ continued to engage with CAA and with producers during that period.  He will testify that DEQ continued to respond to inquiries from CAA as well as from producers regarding the scope and nature of the PRO's and producers' obligations under the RMA, and continued to provided assistance and interpretation of statutory rule provisions.

It is estimated that Allaway's testimony will take 2 hours.

4.   **Kimberly Holmes**, Oregon Executive Director, Circular Action Alliance

Expected Testimony: Defendant intends to ask Ms. Holmes about the reasons for CAA's designation of Appendix G as confidential and the extent to which Appendix G has been kept confidential.  Defendant intends to ask Holmes about CAA's founding members' involvement in CAA's general operations.  Defendant intends to ask Holmes about CAA's frequent communications with DEQ about CAA's operations under the program plan.  Defendant intends to ask Holmes about DEQ's review and approvals of CAA's program plan, amendments to the program plan, and financial reports.  Defendant intends to ask Holmes about DEQ's regular involvement in producer disputes.  Defendant intends to ask Holmes about CAA's general approach to producer disputes.

It is estimated that Holmes's testimony will take 2 hours.

5. **Scott Cassel (expert)**

Expected Testimony: Cassel will testify consistently with his Expert Report, dated May 15, 2026, and his Rebuttal Expert Report, dated June 17, 2026.

It is estimated that Cassel's testimony will take 3 hours.

6. **Reid Lifset (expert)**

Expected Testimony: Lifset will testify consistently with his Rebuttal Expert Report, dated June 17, 2026.

It is estimated that Lifset's testimony will take 3 hours.

Page 6 -    DEFENDANT'S WITNESS LIST

7.   Defendant Feldon reserves the right to call in its case in chief any witness identified on Plaintiff's witness list.

DATED June  20 , 2026.

Respectfully submitted,

DAN RAYFIELD
Attorney General


    *s/ Alexander C. Jones*
SARA D. VAN LOH #044398
Senior Assistant Attorney General
ALEXANDER C. JONES #213898
YOUNGWOO JOH #164105
Assistant Attorneys General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Sara.VanLoh@doj.oregon.gov
Alex.Jones@doj.oregon.gov
YoungWoo.Joh@doj.oregon.gov
Of Attorneys for Defendant

Page 7 -    DEFENDANT'S WITNESS LIST
SV1/jc4/1019479327

## CERTIFICATE OF SERVICE

I certify that on June  20 , 2026, I served the foregoing by email **DEFENDANT'S WITNESS LIST** upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| Darin Sands<br>Bradley Bernstein Sands LLP<br>1211 NW Glisan Street, Ste 204<br>Portland, OR 97209<br>  *Of Attorneys for Plaintiff* | ___ HAND DELIVERY<br>___ MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br>_x_ E-MAIL<br>___ E-SERVE<br>*dsands@bradleybernsteinllp.com* |
| David R. Carpenter<br>Caleb J. Bowers<br>Sidley Austin LLP<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>  *Of Attorneys for Plaintiff* | ___ HAND DELIVERY<br>___ MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br>_x_ E-MAIL<br>___ E-SERVE<br>*drcarpenter@sidley.com*<br>*cbowers@sidley.com* |
| Gordon D. Todd<br>Richard W. Smith<br>Sidley Austin LLP<br>1501 K Street, N.W.<br>Washington, DC 20005<br>  *Of Attorneys for Plaintiff* | ___ HAND DELIVERY<br>___ MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br>_x_ E-MAIL<br>___ E-SERVE<br>*gtodd@sidley.com* |

    *s/ Alexander C. Jones*

SARA VAN LOH #044398
Senior Assistant Attorney General
ALEXANDER C. JONES #213898
YOUNGWOO JOH #164105
Assistant Attorneys General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Sara.VanLoh@doj.oregon.gov
alex.jones@doj.oregon.gov
Of Attorneys for Defendants

Page 1 -   CERTIFICATE OF SERVICE
SV1/jc4/996799836