DAN RAYFIELD
Attorney General
SARA D. VAN LOH #044398
Senior Assistant Attorney General
ALEXANDER C. JONES #213898
YOUNGWOO JOH #164105
Assistant Attorneys General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Sara.VanLoh@doj.oregon.gov
        Alex.Jones@doj.oregon.gov
        YoungWoo.Joh@doj.oregon.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION OF WHOLESALER-DISTRIBUTORS,<br><br>        Plaintiff,<br><br>    v.<br><br>LEAH FELDON, DIRECTOR, OREGON DEPARTMENT OF ENVIRONMENTAL QUALITY, in her official capacity,<br><br>        Defendant. | Case No. 3:25-CV-01334-SI<br><br>DEFENDANT'S BRIEFING ON INSTRUMENTALITIES OF INTERSTATE COMMERCE |

DEFENDANT'S BRIEFING ON INSTRUMENTALITIES OF INTERSTATE COMMERCE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Ass'n to Preserve & Protect Local Livelihoods v. Sidman*,
147 F.4th 40 (1st Cir. 2025)................................................................................................3

*Bibb v. Navajo Freight Lines, Inc.*,
359 U.S. 520 (1959).....................................................................................................1, 3

*Hunt v. Washington Apple Advertising Comm'n*,
432 U.S. 333 (1977)........................................................................................................2

*Japan Line, Ltd. v. Los Angeles County*,
441 U.S. 434 (1979)........................................................................................................2

*National Pork Producers Council v. Ross*,
598 U.S. 356 (2023).....................................................................................................1, 3

*NextEra Energy Capital Holdings, Inc. v. Lake*,
48 F.4th 306 (5th Cir. 2022) ...........................................................................................2

*Pensacola Telegraph Co. v. Western Union Telegraph Co.*,
96 U.S. 1 (1877)........................................................................................................1, 2, 3

*Perez v. United States*,
402 U.S. 146 (1971)........................................................................................................1

*Pike v. Bruce Church, Inc.*,
397 U.S. 137 (1970)......................................................................................................2, 3

*South Pacific Co. v. Arizona*,
325 U.S. 761 (1945)........................................................................................................1

*United States v. Patton*,
451 F.3d 615 (10th Cir. 2006) ........................................................................................1

## OTHER AUTHORITIES

Seymour Simon, *The Law of Shipping Containers*, 5 J. Mar. L. & Com. 507 (1974),
https://docs.rwu.edu/cgi/viewcontent.cgi?article=2686&context=law_ma_jmlc................2

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## I.    MEMORANDUM

In response to the Court's request at the pretrial conference, Defendant submits this brief to assist the Court in determining what is—and what is not—an instrumentality of interstate commerce. In short, instrumentalities of interstate commerce are the *means* of transportation or transmission in interstate commerce, not the items transported in commerce *by those means*.

In its 1877 description of Congress's Commerce Clause power, the Supreme Court characterized the "instrumentalities of commerce" as progressing from "the horse with its rider to the stage-coach, from the sailing-vessel to the steamboat, from the coach and the steamboat to the railroad, and from the railroad to the telegraph." *Pensacola Tel. Co. v. W. Union Tel. Co.*, 96 U.S. 1, 9 (1877). These are, of course, all *means* of moving things or information in interstate commerce. In the years since *Pensacola*, the Supreme Court has consistently identified instrumentalities of interstate commerce as the *means* by which information or things move through states, but *not* the persons or things that are being moved in interstate commerce. *See Perez v. United States*, 402 U.S. 146, 150 (1971) (noting that a law prohibiting "destruction of an aircraft" was an exercise of the Commerce Clause power to "protect[] . . . the instrumentalities of interstate commerce," while a law regarding prohibiting "thefts from interstate shipments" was an exercise of the power to protect "persons or things in commerce").

Instrumentalities include vehicles like aircraft, trucks, trains, or ships. *See Bibb v. Navajo Freight Lines, Inc.*, 359 U.S. 520, 523, 529–30 (1959) (trucks); *S. Pac. Co. v. Ariz.*, 325 U.S. 761, 763 (1945) (trains); *Nat'l Pork Producers Council v. Ross*, 598 U.S. 356, 379 n.2 (2023) (referring to regulations on "instrumentalities of interstate transportation—trucks, trains, and the like"); *see also United States v. Patton*, 451 F.3d 615, 621–22 (10th Cir. 2006) ("'instrumentalities' are the *means* of interstate commerce, such as ships and railroads," rather than items being moved in interstate commerce (emphasis added)).

Instrumentalities may also include permanent infrastructure used for the interstate transmission of energy or information. *See Pensacola Tel. Co.*, 96 U.S. at 8–9 (concluding that

Page 1 -    DEFENDANT'S BRIEFING ON INSTRUMENTALITIES OF INTERSTATE
             COMMERCE

telegraph lines were instrumentalities of commerce). The Fifth Circuit recently held that electrical transmission lines were instrumentalities of interstate commerce when the lines in question were "part of an interconnected grid of near-nationwide scope," and "any electricity that enter[ed] the grid immediately bec[ame] part of a vast pool of energy that is constantly moving in interstate commerce." *NextEra Energy Cap. Holdings, Inc. v. Lake*, 48 F.4th 306, 310, 321 (5th Cir. 2022) (internal quotation marks omitted).

In one case, the Supreme Court also identified large cargo shipping containers as instrumentalities of foreign commerce because they were durable, reusable, and specifically and only used for transportation by ship: "A container is a permanent reusable article of transport equipment . . . durably made of metal, and equipped with doors for easy access to the goods and for repeated use. It is designed to facilitate the handling, loading, stowage aboard ship, carriage, discharge from ship, movement, and transfer of large numbers of packages simultaneously by mechanical means to minimize the cost and risks of manually processing each package," and the containers were "used constantly and exclusively for the transportation of cargo for hire in foreign commerce." *Japan Line, Ltd. v. Los Angeles Cnty.*, 441 U.S. 434, 436 n.1, 445–46, 446 n.9 (1979) (quoting Seymour Simon, *The Law of Shipping Containers*, 5 J. Mar. L. & Com. 507, 513 (1974)). The Court treated those containers as instrumentalities, like "various forms of transportation equipment," such as "railroad rolling stock" (vehicles that move on train tracks), "barges on inland waterways," "domestic aircraft," and "motor vehicles." *Id.* at 444.

By contrast, the Supreme Court has never even suggested that product packaging may be an instrumentality of interstate commerce, despite considering myriad regulations on product packaging in dormant Commerce Clause challenges. Instead, the Court has simply analyzed whether the challenged packaging-related laws are discriminatory and impose an undue burden on interstate commerce. *See, e.g.*, *Hunt v. Wash. Apple Advert. Comm'n*, 432 U.S. 333, 350 (1977) (striking down state law regulating apple containers as burdening and discriminating against interstate commerce rather than as regulating an instrumentality); *Pike v. Bruce Church,*

Page 2 -    DEFENDANT'S BRIEFING ON INSTRUMENTALITIES OF INTERSTATE
            COMMERCE

*Inc.*, 397 U.S. 137, 142, 145–46 (1970) (striking down law regulating cantaloupe containers as "clearly excessive in relation to the putative local benefits").

Indeed, four justices of the current Supreme Court explicitly distinguished cases involving regulation on instrumentalities of interstate commerce from those cases involving packaging regulations. *See Nat'l Pork Producers*, 598 U.S. at 396 (Roberts, C.J., concurring). Specifically, Chief Justice Roberts was joined by three other justices in citing *Pike*—which involved regulation of cantaloupe packaging—as an example of the Court applying the *Pike* balancing test *outside the context* of instrumentalities of commerce. *Id.* And the other five justices separately referred to the familiar formulation of instrumentalities as consisting of "trucks, trains, and the like." *Id.* at 379 n.2 (Gorsuch, J., joined by Thomas & Barrett, JJ.); *id.* at 392 (Sotomayor, J., joined by Kagan, J.).

In any event, whether a particular regulation runs afoul of the dormant Commerce Clause depends less on whether it is an instrumentality of interstate commerce and more on whether the regulation prevents the continuous flow of interstate commerce through the state. *See Ass'n to Preserve & Protect Local Livelihoods v. Sidman*, 147 F.4th 40 (1st Cir. 2025) ("In each of those three cases, the challenged regulation required an instrumentality of interstate commerce -- whether a train in *Bibb* and *Southern Pacific*, or a truck in *Raymond* -- to either comply with that regulation or not pass through the regulating jurisdiction at all. . . . Each regulation thus prevented the continuous flow of interstate commerce *through* the regulating jurisdiction and not merely *to* it.").

It is evident why states cannot freely regulate, for example, freight trains and 18-wheelers. If a state could impose burdensome, state-specific regulations on those instrumentalities as they moved through the state on their way elsewhere, then a train or truck attempting to travel from Miami, Florida to Portland, Oregon could be forced to comply with upwards of seven inconsistent state laws, simply by nature of having no choice but to pass through multiple states to complete its route.

Page 3 -    DEFENDANT'S BRIEFING ON INSTRUMENTALITIES OF INTERSTATE
             COMMERCE

But in contrast to cases involving regulation of trucks, trains, shipping containers, etc., as they travel in interstate commerce, the RMA does not even apply to products that move through Oregon, nor to the means by which those products move. Instead, the RMA applies only to packaging *that is disposed of in Oregon*. Notably, freight trains and trucks are not discarded once they reach their destination; they continue on to their next route. In contrast, packaging is literally part and parcel of the item transported by those means and is generally discarded after arrival in the destination state.[1]

---

[1]    Nor is there any serious dispute that a state could not regulate the in-state disposal of a freight train or truck once it has run its course.

Page 4 -    DEFENDANT'S BRIEFING ON INSTRUMENTALITIES OF INTERSTATE COMMERCE

## II.    CONCLUSION

Instrumentalities are the *means* of interstate transmission or transport. All of the examples of instrumentalities above—trains, trucks, shipping containers, telegraph lines, and power lines—are used repeatedly and specifically to move goods, information, or energy in interstate commerce. Product packaging, on the other hand, is effectively a component of the items that are being sold. The distinction between instrumentalities and product packaging is even clearer where, as here, the regulation does not apply to any products or packaging that merely move *through* the state but only to those that are sold in and disposed of within the state—whether those products come from outside of the state or not. For all of the above reasons, a state's regulation of product packaging that is discarded in that state is not a regulation of an instrumentality of interstate commerce.

DATED July  8 , 2026.

Respectfully submitted,

DAN RAYFIELD
Attorney General

_____ *s/ Alexander C. Jones* _____
SARA D. VAN LOH #044398
Senior Assistant Attorney General
ALEXANDER C. JONES #213898
YOUNGWOO JOH #164105
Assistant Attorneys General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Sara.VanLoh@doj.oregon.gov
Alex.Jones@doj.oregon.gov
YoungWoo.Joh@doj.oregon.gov
Of Attorneys for Defendant

Page 5 -    DEFENDANT'S BRIEFING ON INSTRUMENTALITIES OF INTERSTATE
        COMMERCE
                        Department of Justice
                        100 SW Market Street
                        Portland, OR 97201
                    (971) 673-1880 / Fax: (971) 673-5000

# CERTIFICATE OF SERVICE

I certify that on July  8 , 2026, I served the foregoing by email **DEFENDANT'S**

**BRIEFING ON INSTRUMENTALITIES OF INTERSTATE COMMERCE** upon the

parties hereto by the method indicated below, and addressed to the following:

Darin Sands
Bradley Bernstein Sands LLP
1211 NW Glisan Street, Ste 204
Portland, OR 97209
  *Of Attorneys for Plaintiff*

___ HAND DELIVERY
___ MAIL DELIVERY
___ OVERNIGHT MAIL
___ TELECOPY (FAX)
 x  E-MAIL
___ E-SERVE
*dsands@bradleybernsteinllp.com*

David R. Carpenter
Caleb J. Bowers
Sidley Austin LLP
350 South Grand Avenue
Los Angeles, CA 90071
  *Of Attorneys for Plaintiff*

___ HAND DELIVERY
___ MAIL DELIVERY
___ OVERNIGHT MAIL
___ TELECOPY (FAX)
 x  E-MAIL
___ E-SERVE
*drcarpenter@sidley.com*
*cbowers@sidley.com*

Gordon D. Todd
Richard W. Smith
Sidley Austin LLP
1501 K Street, N.W.
Washington, DC 20005
  *Of Attorneys for Plaintiff*

___ HAND DELIVERY
___ MAIL DELIVERY
___ OVERNIGHT MAIL
___ TELECOPY (FAX)
 x  E-MAIL
___ E-SERVE
*gtodd@sidley.com*

    *s/ Alexander C. Jones*
SARA VAN LOH #044398
Senior Assistant Attorney General
ALEXANDER C. JONES #213898
YOUNGWOO JOH #164105
Assistant Attorneys General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Sara.VanLoh@doj.oregon.gov
alex.jones@doj.oregon.gov
Of Attorneys for Defendants

Page 1 -   CERTIFICATE OF SERVICE
    SV1/jc4/996799836