DAN RAYFIELD
Attorney General
SARA D. VAN LOH #044398
Senior Assistant Attorney General
ALEXANDER C. JONES #213898
YOUNGWOO JOH #164105
Assistant Attorneys General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Sara.VanLoh@doj.oregon.gov
        Alex.Jones@doj.oregon.gov
        YoungWoo.Joh@doj.oregon.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION OF WHOLESALER-DISTRIBUTORS , <br><br> Plaintiff, <br><br> v. <br><br> LEAH FELDON, DIRECTOR, OREGON DEPARTMENT OF ENVIRONMENTAL QUALITY, in her official capacity, <br><br> Defendant. | Case No.  3:25-CV-01334-SI <br><br> DEFENDANT'S POST-TRIAL SUPPLEMENTAL BRIEF |

Page 1 -    DEFENDANT'S POST-TRIAL SUPPLEMENTAL BRIEF
SV1/jc4/1028210673

## I.    INTRODUCTION

The Court requested that Defendant Feldon submit supplemental briefing in response to Plaintiff NAW's argument that the small-producer exemption for public bodies under the Plastic Pollution and Recycling Modernization Act is facially discriminatory under the dormant Commerce Clause. (Scheduling Order, Dkt. No. 199.)

NAW's argument does not establish a Dormant Commerce Clause violation because: (1) NAW lacks standing to challenge the Act's small-producer exemption for public bodies; and (2) even if the public-body exemption does not expressly encompass out-of-state public bodies, the out-of-state public bodies are exempt as a practical matter.

## II.    ARGUMENT

### A.    NAW lacks Article III standing to challenge the exemption for public bodies.

NAW lacks Article III standing to challenge the Act for purported discrimination against out-of-state public bodies. Plaintiffs bear the burden of establishing standing for every claim asserted, for every form of relief sought, at every stage of the litigation. *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008). The standing requirement ensures that federal courts resolve only those disputes when the parties have a "concrete stake." *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs.*, 528 U.S. 167, 191 (2000).

A plaintiff asserting associational standing must show that "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members of the lawsuit." *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181, 199 (2023). In turn, an association's member has standing if it suffers an injury in fact that is fairly traceable to the defendant's challenged conduct, and that would be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Those requirements must be "'supported adequately by

Page 2 -    DEFENDANT'S POST-TRIAL SUPPLEMENTAL BRIEF
SV1/jc4/1028210673

the evidence adduced at trial.'" *Id.* at 561 (quoting *Gladstone, Realtors v. Vill. of Bellwood*, 441 U.S. 91, 115 n.31 (1979)).

As to the injury-in-fact requirement, a plaintiff must show threatened or actual injury *to itself*, meaning that the challenged conduct "affect[s] the plaintiff in a personal and individual way." *Id.* at 560 n.1; *see also W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A plaintiff may not rely on the interests of third parties to establish standing. *Warth v. Seldin*, 422 U.S. 490, 499 (1975). "As a general rule, a party lacks standing to challenge a law on the asserted ground that the law 'would be unconstitutionally applied to different parties and different circumstances from those at hand.'" *Or. Ass'n of Hosp. & Health Sys. v. Oregon*, 734 F. Supp. 3d 1139, 1160 (D. Or. 2024) (quoting *Sabri v. United States*, 541 U.S. 600, 609 (2004)), *aff'd*, 2025 WL 1833815 (9th Cir. 2025).

Here, NAW lacks standing to challenge the public-body exemption in the Recycling Modernization Act, because neither NAW nor its members is harmed by the exemption. There is no evidence in the record that any of NAW's members are out-of-state public universities, much less any other type of out-of-state public body. NAW itself purports to specifically represent the "wholesaler-distributors industry." (Wild Testimony, July 13.) Lacking any public-body members, NAW cannot establish a cognizable injury to its members caused by the exemption.

To be sure, "cognizable injury from unconstitutional discrimination against interstate commerce does not stop at members of the class against whom a State ultimately discriminates." *Gen. Motors Corp. v. Tracy*, 519 U.S. 278, 286 (1997). For example, "customers of that class may also be injured," such as when a "customer is liable for payment of [a] tax and as a result presumably pays more" for an out-of-state product. *Id.* But that is not this case. Nothing in the record shows that an NAW member is a customer for any public bodies, much less that they are paying more for products from those out-of-state public bodies because of the Recycling Modernization Act's public-body exemption.

Page 3 -    DEFENDANT'S POST-TRIAL SUPPLEMENTAL BRIEF
SV1/jc4/1028210673

To the extent that NAW is arguing that a differential public-body exemption results in increased membership fees to its members, that is a zone-of-interests problem. (Pl.'s Post-Trial Br. 36–37, Dkt. No. 196.) "The zone-of-interests test denies a right of review if the plaintiff's interests are marginally related to or inconsistent with the purposes implicit in the relevant constitutional provision." *Yakima Valley Mem'l Hosp. v. Wash. State Dep't of Health*, 654 F.3d 919, 932 (9th Cir. 2011) (citation modified). "Any alleged injury must somehow be tied to a barrier imposed on interstate commerce." *Id.* (quotation marks omitted).

NAW's membership fees here are not sufficiently tied to the alleged differential treatment of out-of-state public bodies. Indeed, if out-of-state public bodies are exempt too, then NAW's logic means *higher* fees for its members (albeit by an exceedingly marginal amount). In short, NAW's interest is not equal treatment of out-of-state entities—it's lower fees for its members. That is not the type of interest the Commerce Clause is intended to protect.[1]

**B.      As a practical matter, out-of-state public bodies are exempt from the Act regardless of the interpretation of the public-body exemption.**

NAW's argument fails also because it is entirely speculative that the public-body exemption, in context, operates to discriminate against out-of-state public bodies. In addition to exempting "public bodies," ORS 459A.872 exempts producers who sell "in or into Oregon less than one metric ton of covered products" over a year. ORS 459A.863(32)(d). And in the case of public universities selling branded merchandise into Oregon, the university's "producer" status for particular parts of the packaged product depends on an array of facts, such as the licensing arrangements for the merchandise, whether the university uses a third-party for eCommerce sales, and whether the university directs manufacturing. *See* ORS 459A.866(1); OAR 340-090-0860. There is no evidence in the record showing that any out-of-state public body, including the public university example offered by NAW, would actually trigger obligations under the Act.

---

[1]     *Yakima Valley*'s reference to the zone-of-interest test as one of "prudential standing" has since been displaced by *Lexmark Int'l, Inc. v. Static Contr. Components, Inc.*, 572 U.S. 118 (2014). Under *Lexmark*, the test is one of constitutional interpretation when applied to constitutional provisions. *See id.* at 127 (applying test to statute).

Page 4 -    DEFENDANT'S POST-TRIAL SUPPLEMENTAL BRIEF
SV1/jc4/1028210673

Notably, neither CAA's producer report (Ex. 5) nor the Producer Status List (Ex. 68) appear to identify any entity that is a public body.

There is also the question of sovereign immunity. Public bodies are generally considered arms of the state for Eleventh Amendment purposes—certainly public universities. *Rounds v. Or. State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 (9th Cir. 1999). And "[i]nterstate sovereign immunity is … integral to the structure of the Constitution." *Franchise Tax Bd. of Cal. v. Hyatt*, 587 U.S. 230, 246 (2019). Defendant has not had sufficient time to fully research this issue, but if out-of-state public bodies enjoy sovereign immunity, then DEQ has no mechanism for enforcing the Recycling Modernization Act against them. *See id.* at 245 ("One such limitation is the inability of one State to hale another into its courts without the latter's consent.").

On this record, regardless of whether the public-body exemption in the Act encompasses out-of-state entities, NAW has not put forth *any* evidence to suggest that any are actually treated differently from their in-state counterparts. Nor is Defendant aware of anything in the legislative record to suggest that the Oregon Legislature *intended* to regulate out-of-state public bodies despite exempting in-state ones. It may be a legislative oversight. It may be that the legislature understood sovereign immunity to act as a practical exemption. Whatever the case, the differential-treatment scenario posed by NAW is a nonissue.

## C.    Even if the Act were to treat out-of-state public bodies differently, any remedy would have to be tailored to the public-body exemption.

NAW argues that any constitutional infirmity with any portion of the Act can justify invalidating the entirety of the Act. (Pl.'s Post-Trial Br. at 53 ("Each of these constitutional violations is sufficient to justify declaratory and injunctive relief barring DEQ from enforcing the RMA in its entirety.")). That is wrong. "Injunctive relief must be tailored to remedy the specific harm alleged." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1140 (9th Cir. 2009).

If this Court were to find that the public-body exemption does facially discriminate against out-of-state public bodies, then the appropriate remedy is straightforward: Declare the

Page 5 -    DEFENDANT'S POST-TRIAL SUPPLEMENTAL BRIEF
SV1/jc4/1028210673

Act unenforceable against out-of-state public bodies that would otherwise qualify for the exemption if they were in-state. Of course, that remedy again highlights NAW's lack of standing to challenge the issue.

### III.    CONCLUSION

NAW does not have standing to raise the Recycling Modernization Act's small-producer exemption for public bodies as a basis for invalidating the law. And even if it did have standing, the record shows that out-of-state public bodies are not treated differently under the Act. For the reasons discussed in Defendant's post-trial brief, Defendant is entitled to judgment in her favor on both of NAW's claims.

DATED August _7_, 2026.

Respectfully submitted,

DAN RAYFIELD
Attorney General

*s/ YoungWoo Joh*
SARA D. VAN LOH #044398
Senior Assistant Attorney General
ALEXANDER C. JONES #213898
YOUNGWOO JOH #164105
Assistant Attorneys General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Sara.VanLoh@doj.oregon.gov
Alex.Jones@doj.oregon.gov
YoungWoo.Joh@doj.oregon.gov
Of Attorneys for Defendant

Page 6 -    DEFENDANT'S POST-TRIAL SUPPLEMENTAL BRIEF
SV1/jc4/1028210673

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000