Darin Sands, OSB No. 106624
dsands@bradleybernstein.com
BRADLEY BERNSTEIN SANDS LLP
1211 NW Glisan St., Ste 204
Portland, OR 97209
Telephone: +1 503-734-2480

David R. Carpenter*
drcarpenter@sidley.com
Caleb J. Bowers*
cbowers@sidley.com
SIDLEY AUSTIN LLP
350 South Grand Avenue
Los Angeles, CA 90071
Telephone: +1 213 896 6000

Gordon D. Todd*
gtodd@sidley.com
Richard W. Smith*
rwsmith@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: +1 202 736 8000

* *Pro hac vice*

Attorneys for Plaintiff NATIONAL AS-
SOCIATION OF WHOLESALER-DIS-
TRIBUTORS

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION OF WHOLESALER-DISTRIBUTORS, <br><br> Plaintiff, <br><br> v. <br><br> LEAH FELDON, DIRECTOR, OREGON DEPARTMENT OF ENVIRONMENTAL QUALITY, in her official capacity, <br><br> Defendant. | Case No. 3:25-cv-01334-SI <br><br> **PLAINTIFF'S RESPONSE TO DEFENDANT'S POST-TRIAL SUPPLEMENTAL BRIEF** <br><br> **Complaint Filed: July 30, 2025** |

Plaintiff National Association of Wholesaler-Distributors ("NAW") respectfully submits this Response to Defendant's Post-Trial Supplemental Brief ("Br."), Dkt. 200.

## INTRODUCTION

DEQ does not dispute that the RMA's exemption for "public bodies" reaches only *Oregon* public bodies. *See* OR. REV. STAT. §§ 459A.863(32)(b), 459A.872(1) (the "Oregon Public Body Exemption"). That concession resolves the question this Court ordered briefed, Dkt. 199, because a facial claim begins and ends with the statutory text. And NAW has standing to raise it: its members include registered Producers whose fees should be proportional to their conduct, yet rise with each exemption excusing an entire class of contributors from the base—one of the many injuries stemming from the RMA NAW established at trial and briefed at length. Pl.'s Post-Trial Br. 36–38, 50–52, Dkt. 196. The Supreme Court has long recognized that economic injury stemming from a discriminatory law is sufficient for standing, whether or not the plaintiff belongs to the class discriminated against. The Court should thus enjoin that exemption, along with the rest of the RMA.

## I.    NAW HAS STANDING TO RAISE THE UNCONSTITUTIONALITY OF THE OREGON PUBLIC BODY EXEMPTION.

NAW's standing to challenge the facial unconstitutionality of the Oregon Public Body Exemption does not—and need not—turn on whether any of its members are out-of-state public bodies.[1] DEQ concedes, as it must, that Article III injury flowing from "unconstitutional discrimination against interstate commerce does not stop at members of the class against whom a State ultimately discriminates." *Gen. Motors Corp. v. Tracy*, 519 U.S. 278, 286 (1997) (quoted at Br. 3).

DEQ contends only that this rule does not apply here because no "NAW member is a *customer* for any public bodies." Br. 3 (emphasis added). But the Supreme Court has

---

[1] DEQ is also wrong that there "is no evidence in the record that any of NAW's members are . . . [an] out-of-state public body." Br. 3; *contra* Day 2 Tr. 175:5–9 (Tomlinson) (explaining NAW member California Strawberry Commission, an out-of-state entity, is "a state government entity").

never confined this principle of standing to customers of the discriminated-against class. *See, e.g.*, *Bacchus Imports, Ltd. v. Dias*, 468 U.S. 263 (1984) (applying rule to object of discrimination's wholesalers); *West Lynn Creamery, Inc. v. Healy*, 512 U.S. 186 (1994) (same to its dealers); *Fulton Corp. v. Faulkner*, 516 U.S. 325 (1996) (same to its stockholders). What unites these cases is not the plaintiff's relationship to the object of the discrimination, but the presence of an economic injury to the plaintiff resulting from that discrimination. *See, e.g.*, *Bacchus Imports*, 468 U.S. at 267 (concluding in-state wholesalers had standing to challenge tax burdening out-of-state liquor producers because the tax "increase[d] the price of their products as compared to the exempted beverages").

So too here. Like all the RMA's exemptions, the Oregon Public Body Exemption creates a free-rider problem that increases the fees assessed to non-exempted registered Producers. The RMA requires that fees be allocated based on total costs to Oregon's recycling system. *See* OR. REV. STAT. § 459A.884(1). The RMA's various exemptions for favored entities and certain covered products do not reduce the total amount of material that must be recycled; they simply eliminate the funding obligation for those materials. Instead, those costs are spread among Producers registered to pay for other materials. *See* Pl.'s Post-Trial Br. 36–38 (discussing free-rider problem). As a result, NAW members must pay more in RMA fees than they would if the Oregon public bodies were not exempt. *Tracy*, 519 U.S. at 286.

DEQ's fallback—that NAW's interest in lower fees falls outside the Commerce Clause's "zone of interests"—fares no better. *See* Br. 4. For the reasons articulated by the Ninth Circuit in *Sierra Club v. Trump*, this Court should not graft the zone-of-interests test's statutory-interpretation inquiry onto NAW's constitutional claim. *See* 929 F.3d 670, 700–702 (9th Cir. 2019); *see also La Clinica de la Raza v. Trump*, 706 F. Supp. 3d 903, 924 (N.D. Cal. 2020) (following *Sierra Club* in declining "to apply a zone of interest test to plaintiffs' constitutional claims"). But even under that test, NAW's challenge to the Oregon Public Body Exemption falls squarely within the interests the dormant Commerce

PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL POST-TRIAL BRIEF

Clause protects. The dormant Commerce Clause provides participants in interstate commerce not only a "right *not to be discriminated against* in interstate commerce" but also "a cognizable right *to be free of discriminatory restraints* even when they are not the target of discrimination." *HomeAway, Inc. v. City & Cnty. of S.F.*, 2015 WL 367121, at *9 (N.D. Cal. Jan. 27, 2015); *see also id.* ("If it were [otherwise], none of the plaintiffs in *Tracy*, *Bacchus Imports*, *Fulton Corp.*, or *West Lynn Creamery* could have proceeded with their claims because . . . they were not the parties allegedly discriminated against."). So while many NAW members may not be the target of the Oregon Public Body Exemption's discrimination, they are participants in interstate commerce made to bear its costs, and thus fall within the scope of the dormant Commerce Clause's protection against the costs of "local economic protectionism." *C & A Carbone, Inc. v. Town of Clarkstown*, 511 U.S. 383, 390 (1994). Nothing more is required for this Court to reach the merits.

## II.    THE OREGON PUBLIC BODY EXEMPTION FACIALLY DISCRIMINATES AGAINST INTERSTATE COMMERCE.

The RMA discriminates on its face between in-state and out-of-state public bodies. The statute deems a "public body, as defined in ORS 174.109" a "small producer" exempted from registering with a PRO and paying membership fees on covered products. OR. REV. STAT. §§ 459A.863(32)(b), 459A.872(1). The cross-referenced statutory definitions, *see* OR. REV. STAT. §§ 174.109, 174.111–.114, 174.116–.117—as well as CAA Oregon Executive Director Kimberly Holmes's trial testimony, *see* Day 1 AM Tr. 28:20–23 (Holmes)—confirm this exemption extends only to public bodies in Oregon. Pl.'s Post-Trial Br. 32. DEQ does not even attempt to argue otherwise.

Unable to escape the plain statutory text, DEQ instead avers that the trial evidence does not prove the Oregon Public Body Exemption "*operates* to discriminate against out-of-state public bodies." Br. 4 (emphasis added). This conflates the standard for facial discrimination with the standard for discriminatory effect. Only the latter requires proof of a law's real-world operation. *See Black Star Farms LLC v. Oliver*, 600 F.3d 1225, 1232 (9th

PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL POST-TRIAL BRIEF

Cir. 2010) (distinguishing "facial economic discrimination" from claims of "discriminatory effect," the latter of which require "probative evidence of adverse impact" (quoting *Cherry Hill Vineyard, LLC v. Baldacci*, 505 F.3d 28, 36 (1st Cir. 2007))).

A facial claim demands no such showing. Where a law draws the discriminatory line in the text itself, it is "not necessary to look beyond the text of th[e] statute to determine that it discriminates against interstate commerce." *Camps Newfound/Owatonna, Inc. v. Town of Harrison*, 520 U.S. 564, 575–76 (1997); *see also Assoc. Indus. of Mo. v. Lohman*, 511 U.S. 641, 650 (1994) ("[A]ctual discrimination, wherever it is found, is impermissible, and the magnitude and scope of the discrimination have no bearing on the determinative question whether discrimination has occurred." (collecting cases)). And here, the text of the RMA and the cross-referenced statutes undisputedly extends the Oregon Public Body Exemption only to Oregon public bodies. That is the end of the facial inquiry.

DEQ's remaining argument—that the Oregon Public Body Exemption is merely an artifact of "legislative oversight" or an implicit attempt at respecting "interstate sovereign immunity"[2]—can be disposed of in short order. *See* Br. 5. The Supreme Court has made clear—in a case in which DEQ itself was the defendant—that "the purpose of, or justification for, a law has no bearing on whether it is facially discriminatory." *Or. Waste Sys., Inc. v. Dep't of Env't Quality*, 511 U.S. 93, 100 (1994) (collecting cases). So DEQ's conjecturing as to why this was included in the RMA is simply irrelevant.

## III.    THE COURT SHOULD REJECT DEQ'S PROPOSED REMEDY.

DEQ's proposed remedy of declaring the RMA "unenforceable against out-of-state

---

[2] To the extent DEQ's passing nod to "the question of sovereign immunity" is meant to lodge a substantive defense of the Oregon Public Body Exemption, *but see United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) (arguments made in passing are forfeited), that argument is clearly a non-starter, since the Oregon Public Body Exemption extends to government entities that do not enjoy sovereign immunity. *Compare* OR. REV. STAT. §§ 459A.863(32)(b), 174.116 (exempting all Oregon "cities, counties and local service districts" from the RMA), *with Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977) (explaining sovereign immunity "does not extend to counties and similar municipal corporations").

public bodies" misunderstands the relevant harm. *See* Br. 5–6. The Oregon Public Body Exemption injures all registered Producers, whose fees rise as contributors are excused from the base. Enlarging the class of free riders only further exacerbates that harm. Taking the Oregon Public Body Exemption in isolation, the proper remedy would thus be to "strik[e] the discriminatory exception" to level the playing field. *Sessions v. Morales-Santana*, 582 U.S. 47, 74–75 (2017).

But this facially discriminatory provision cannot be read in isolation. The Oregon Public Body Exemption is but the most explicit in the RMA's set of discriminatory carve-outs—the restaurant, single-retailer, and global-revenue exemptions each favor locally confined businesses, and the first-importer rules make obligated Producer determinations turn on which side of the border a distributor sits. *See* Pl.'s Post-Trial Br. 33–36. And that is on top of the myriad ways the RMA burdens interstate commerce at every level of its design. *See id.* at 38–53. The Oregon Public Body Exemption's facial discrimination bears on all of that. Judicial deference under *Pike* rests on the premise that a law does "not discriminate on [its] face against interstate commerce," so that its burdens fall on locals "as well" as outsiders and "a State's own political processes will serve as a check against unduly burdensome regulations." *Kassel v. Consol. Freightways Corp.*, 450 U.S. 662, 675–76 (1981) (plurality opinion). A statute that fails that threshold premise forfeits the deference built on it—even where the offending provisions are not themselves the ones being balanced. *See id.* (according "[l]ess deference" to Iowa's truck-length limit because separate exemptions "secure[d] to Iowans many of the benefits of large trucks while shunting to neighboring States many of the costs"). The Court should therefore weigh the substantial burdens and speculative benefits already established without the deference a neutral law would receive.

## CONCLUSION

For these additional reasons, the Court should declare the RMA unconstitutional and enjoin its enforcement against NAW and its members.

PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL POST-TRIAL BRIEF

DATED August 10, 2026                SIDLEY AUSTIN LLP


By: */s/ David R. Carpenter*
    David R. Carpenter*
    drcarpenter@sidley.com

    Caleb J. Bowers*
    cbowers@sidley.com
    350 South Grand Avenue
    Los Angeles, CA 90071
    Telephone: +1 213 896 6000
    Facsimile: +1 213 896 6600

    Gordon D. Todd*
    gtodd@sidley.com
    Richard W. Smith*
    rwsmith@sidley.com
    1501 K Street, N.W.
    Washington, D.C. 20005
    Telephone: +1 202 736 8000
    Facsimile: +1 202 736 8711
    *Pro hac vice*

    BRADLEY BERNSTEIN SANDS
    LLP
    Darin Sands, OSB No. 106624
    1211 NW Glisan St., Ste 204
    Portland, OR 97209
    Telephone: +1 503-734-2480

    Attorneys for Plaintiff
    NATIONAL ASSOCIATION OF
    WHOLESALER-DISTRIBUTORS