DAN RAYFIELD
Attorney General
SARA D. VAN LOH #044398
Senior Assistant Attorney General
ALEXANDER C. JONES #213898
YOUNGWOO JOH #164105
Assistant Attorneys General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Sara.VanLoh@doj.oregon.gov
        Alex.Jones@doj.oregon.gov
        YoungWoo.Joh@doj.oregon.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION OF WHOLESALER-DISTRIBUTORS , <br><br> Plaintiff, <br><br> v. <br><br> LEAH FELDON, DIRECTOR, OREGON DEPARTMENT OF ENVIRONMENTAL QUALITY, in her official capacity, <br><br> Defendant. | Case No.  3:25-CV-01334-SI <br><br> DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S POST-TRIAL SUPPLEMENTAL BRIEF |

## I.    INTRODUCTION

NAW identifies a single provision in this comprehensive regulatory scheme that

indisputably does not target NAW's members or necessarily increases its members' fees but

Page 1 -    DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S POST-TRIAL SUPPLEMENTAL BRIEF

purportedly discriminates against theoretical out-of-state public bodies. On that basis, NAW asks the Court not to invalidate the exemption but to carve out an entirely new exemption from the RMA for its entire membership. NAW lacks Article III standing because its claimed injury—that the public body exemption increases its members' fees—is speculative and is only incidentally related to the purported discrimination NAW identifies. Additionally, the Court should reject the notion that any constitutional problem with the public body exemption would give the Court carte blanche to invalidate the entire regulatory scheme.

## II.    ARGUMENT

### A.    NAW lacks Article III standing because its claimed injury is speculative.

After trial, NAW bears the burden of proving standing by adducing evidence showing that each element of standing has been met; speculation and conjecture of theoretical possibilities are insufficient. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

NAW fails to establish the first element of standing. An injury in fact must be "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339, 340 (2016) (internal quotation marks and citation omitted). While implicitly acknowledging that neither NAW nor its fee-paying members[1] are the target of the public body exemption's purported discrimination, NAW contends that its members "must pay more in RMA fees than they would if the Oregon public bodies were not exempt" because the exemption "creates a free-rider problem that increases the fees assessed to non-exempted Producers." (Pl.'s Resp. 2.) Yet NAW cites no evidence to support these assertions as to the public body exemption. Instead, NAW concludes without analysis that, because Oregon public bodies fall within this exemption and out-of-state public bodies do not, the exemption necessarily increases NAW members' fees.

---

[1] Because the California Strawberry Commission does not sell covered products in or into Oregon, it is not a producer under the RMA and is not required to join CAA or pay fees. For that reason, the California Strawberry Commission would also lack standing to challenge the public body exemption.

Page 2 -    DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S POST-TRIAL SUPPLEMENTAL BRIEF
SV1/jc4/1028336002

However, there is no evidence in this record that, if Oregon public bodies were nonexempt, NAW members' fees would in fact be lower. That is because there is no evidence that any out-of-state or in-state public body would even trigger the RMA's obligations; no obligated, fee-paying public body is identified in the record at all. (*See* Def.'s Suppl. Br. 5.) Without identifying a public body that would be required to pay fees in the first instance, with or without the exemption, NAW's argument that the exemption impacts its members' fees at all breaks down. At most, NAW proffers a scenario where differential treatment could theoretically occur, positing that out-of-state public universities selling or distributing materials into Oregon suffer from "textbook discrimination" because they are not "categorically exempt" from the RMA like in-state public bodies are. (Pl.'s Post-Trial Br. 32–33.) That any out-of-state university (or other public body) is so situated is pure speculation; the argument fails to prove that such sales would trigger the RMA's obligations for either in-state or out-of-state universities. *See* ORS 459A.863(32)(d) (exempting entities that sell "less than one metric ton of covered products" into Oregon over a year). Absent a similarly situated public body bearing the burden of complying with the RMA and without evidence that any public body—in-state or out-of-state— would be an obligated, fee-paying producer, NAW fails to prove an Article III injury, as required for standing.

**B.**     **NAW's interest in lower fees for its members is only incidentally related to the purported discrimination against out-of-state public bodies.**

NAW's attempt to avoid the zone-of-interests test fails. Recent Ninth Circuit caselaw demonstrates that the zone-of-interests test remains the law of this circuit, and the Supreme Court's decision in *Pork Producers* exposes the disconnect between NAW's interest in lower fees and the purpose of the dormant Commerce Clause. The zone-of-interests test has applied and continues to apply to dormant Commerce Clause claims. *See Yakima Valley Mem'l Hosp. v. Wash. State Dep't of Health*, 654 F.3d 919, 932 (9th Cir. 2011) (applying zone-of-interests test to dormant Commerce Clause claim); *cf. Washington v. Trump*, 145 F.4th 1013, 1024 (9th Cir.

Page 3 -     DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S POST-TRIAL SUPPLEMENTAL BRIEF
SV1/jc4/1028336002

2025), *cert. den.* ___ S.Ct. ___, 2026 WL 1871300 (June 30, 2026) (applying zone-of-interests test to Citizenship Clause claim). Arguing otherwise, NAW cites *Sierra Club v. Trump*, 929 F.3d 670 (9th Cir. 2019). (Pl.'s Resp. 2–3.) But whatever doubts the Ninth Circuit had about the zone-of-interests test in *Sierra Club*, the court has since reaffirmed the applicability of the test to constitutional claims. *See Washington*, 145 F.4th at 1024.[2]

NAW's attempt to invalidate the entirety of the RMA based on the public-body exemption exemplifies the purpose of the zone-of-interests test. The "core" of the dormant Commerce Clause cases is the "antidiscrimination principle." *Nat'l Pork Producers Council v. Ross*, 598 U.S. 356, 369, 371 (2023). The principle ensures that out-of-state rivals are given equal footing with in-state firms to compete for business.[3] *See id.* at 371–73 (collecting cases). Here, NAW is not actually concerned with whether an out-of-state public university is able to claim the same exemption as an in-state one. Rather, NAW quarrels with the line that the Oregon Legislature has drawn on who is a "producer" under the RMA. (*See* Pl.'s Resp. 1 ("[NAW's] members include registered Producers whose fees should be proportional to their conduct, *yet rise with each exemption excusing an entire class of contributors from the base*…." (emphasis added).) As a result, NAW's alleged injury arises not from any barrier imposed on interstate commerce, but on the fact that the RMA includes exemptions at all.

---

[2]    The Ninth Circuit in *Washington* referred to the zone-of-interests test as a "prudential limitation." *Washington*, 145 F.4th at 1024. As this Court has previously observed, *Lexmark* may cast doubt on the test being a "prudential" doctrine. *Emanuel Displaced Persons Ass'n 2 v. City of Portland*, 704 F. Supp. 3d 1088, 1101–02 (D. Or. 2023). In any event, *Sierra Club* stops short of holding that the test no longer applies, and *Washington* demonstrates that the test remains the law of this circuit.

[3] Additionally, the exemption only applies to an in-state public body that is a covered producer under the RMA, meaning the public body sells covered products in or into this state, meaning it is competing in the market. In that case, the state's exempting itself from paying associated fees may be regarded as "one of the [permissible] tools of competition." *Dep't of Revenue of Ky. v. Davis*, 553 U.S. 328, 341, 345 (2008) ("There is no forbidden discrimination because Kentucky, as a public entity, does not have to treat itself as being 'substantially similar' to the other bond issuers in the market."). The lack of a public-body plaintiff in this litigation undermines the ability to properly present and develop these arguments.

Page 4 -    DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S POST-TRIAL SUPPLEMENTAL BRIEF
SV1/jc4/1028336002

The disconnect between NAW's interest in lower fees and the clause's antidiscrimination principle is thus unmistakable. An out-of-state public university, if a party to this litigation, would likely argue that the Court should enjoin DEQ from enforcing the RMA against it, to redress injury caused by asserted discrimination. By contrast, NAW does not pursue that public-body-specific remedy, likely because it would *increase* the number of exempt entities, which could only add to its members' alleged economic injury. NAW is asking the Court to exempt its own members from the RMA, not to strike any allegedly discriminatory exemptions. In short, NAW's interest in reducing its members' fees by eliminating the requirement that members pay any fees is outside the zone of interests protected by the dormant Commerce Clause. Thus, this challenge to the public body exemption fails the zone-of-interests test and should be rejected.

## C.    There is no basis to invalidate the RMA.

NAW offers the Court a false dichotomy of available relief if the Court were to find that the public-body exemption violates the dormant Commerce Clause. It is well-settled that district courts have "broad latitude in fashioning equitable relief." *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 524 F.3d 917, 936 (9th Cir. 2008) (quotation marks omitted). Citing an equal protection case for a federal law, NAW argues that the Court's first option is "to 'strik[e] the discriminatory exception.'" (Pl.'s Resp. 5 (quoting *Sessions v. Morales-Santana*, 582 U.S. 47, 74–75 (2017).) But NAW's own case says otherwise: "Ordinarily, … extension, rather than nullification, is the proper course." *Sessions*, 582 U.S. at 74. If this Court finds in NAW's favor on standing and facial discrimination, then extension is the proper course here. A declaration that the RMA cannot be enforced against out-of-state public-body counterparts remedies any discrimination while respecting the Oregon Legislature's policy choice to exempt public bodies.

In pushing to invalidate the entire Act, NAW argues that other exemptions "turn on which side of the border a distributor sits." (Pl.'s Resp. 5.) That is wrong. NAW cannot show that the exemptions discriminate against *similarly situated* businesses, and their arguments

Page 5 -    DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S POST-TRIAL SUPPLEMENTAL BRIEF
SV1/jc4/1028336002

regarding those other exemptions thus fail as a matter of law. *See Rocky Mountain Farmers Union v. Corey*, 730 F.3d 1070, 1088 (9th Cir. 2013) ("Entities are similarly situated for constitutional purposes if their products compete against each other in a single market.").

For both the restaurant and food cart exemption and the single-retailer exemption, NAW cannot show discrimination against similarly situated out-of-state rivals. A Kansas-based restaurant cannot physically sell food in or into Oregon. A Washington-based food cart can cross the Columbia into Portland and sell food on equal footing to its Oregon rivals. And a single-retail store in Utah fulfilling non-online mail orders into Oregon enjoys the same exemption as its in-state counterpart. More importantly, none of those businesses compete in the same market as NAW's wholesaler and distributor members. NAW likewise fails to establish discrimination for the global-revenue exemption. A $4.95 million Idaho company selling covered products into Oregon enjoys the same exemption as an Oregon-only company of the same size. Same for small businesses that sell into Oregon via online marketplaces. *E.g.*, www.etsy.com.

Finally, the so-called "first importer" provision is a mischaracterization. Specifically, NAW refers to the ORS 459A.866(3) as the "first importer" provision, which applies to food serviceware. (Pl.'s Post-Trial Br. 34.) But distributors are producers of food serviceware if they are the first to sell in or into Oregon, regardless of whether the distributor sells from in or out of state. ORS 459A.866(3). The fact that a significant portion of food serviceware is manufactured outside of Oregon does not equate to discrimination. *See Pork Producers*, 598 U.S. at 367, 390–91 (finding no dormant Commerce Clause violation despite argument that "California imports almost all of the pork it consumes"); *see also* (City of Portland Amicus Br. 6–8, Dkt. No. 186).

In any event, invalidating an entire Oregon law based on the unconstitutionality of a single provision would be an abuse of discretion. *See Lee v. Walters*, 433 F.3d 672, 676 (9th Cir. 2005) (observing that there is a presumption of severability in Oregon law and that one of the three exceptions in ORS 174.040 must apply to determine otherwise).

Page 6 -    DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S POST-TRIAL SUPPLEMENTAL BRIEF
SV1/jc4/1028336002

## III.    CONCLUSION

For these reasons, the Court should deny NAW's request for a wholesale exemption from the RMA.

DATED August __12th__, 2026.

Respectfully submitted,

DAN RAYFIELD
Attorney General


_____s/ Alexander C. Jones_____
SARA D. VAN LOH #044398
Senior Assistant Attorney General
ALEXANDER C. JONES #213898
YOUNGWOO JOH #164105
Assistant Attorneys General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Sara.VanLoh@doj.oregon.gov
Alex.Jones@doj.oregon.gov
YoungWoo.Joh@doj.oregon.gov
Of Attorneys for Defendant

Page 7 -    DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S POST-
TRIAL SUPPLEMENTAL BRIEF
SV1/jc4/1028336002

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000