**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**NATIONAL ASSOCIATION OF WHOLESALER-DISTRIBUTORS**,

Plaintiff,

v.

**LEAH FELDON**, Director, Oregon Department of Environmental Quality, in her official capacity,

Defendant.

Case No. 3:25-cv-1334-SI

**OPINION AND ORDER GRANTING MOTION FOR STAY AND INJUNCTION PENDING APPEAL, EFFECTIVE UPON DEPOSIT OF BOND**

David R. Carpenter and Caleb J. Bowers, SIDLEY AUSTIN LLP, 350 South Grand Avenue, Los Angeles, CA 90071; Gordon D. Todd and Richard W. Smith, SIDLEY AUSTIN LLP, 1501 K Street, NW, Washington, DC 20005; and Darin M. Sands, BRADLEY BERNSTEIN SANDS LLP, 1211 NW Glisan Street, Suite 204, Portland, OR 97209. Of Attorneys for Plaintiff.

Dan Rayfield, Oregon Attorney General; Sara D. Van Loh, Senior Assistant Attorney General; and Alexander C. Jones and YoungWoo Joh, Assistant Attorneys General, OREGON DEPARTMENT OF JUSTICE, 100 SW Market Street, Portland, OR 97201. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff, National Association of Wholesaler-Distributors ("NAW"), has moved under Rule 62(d) of the Federal Rules of Civil Procedure to stay the Judgment recently entered in this case after a five-day court trial and reinstate, pending appeal, the preliminary injunction that this Court entered on February 6, 2026, which automatically dissolved upon the entry of Judgment in

favor of the Defendant, the Director of the Oregon Department of Environmental Quality. ECF 212.[1] For the reasons explained below, the Court grants NAW's motion, to become effective only after NAW deposits with the Court the required bond as described below.

**BACKGROUND**

In 2021, Oregon enacted the Plastic Pollution and Recycling Modernization Act ("RMA"),[2] which is an extended producer responsibility ("EPR") law designed to shift "end-of-life" costs of a product onto its producer. In July 2025, NAW filed this lawsuit, seeking declaratory and injunctive relief against Oregon's enforcement of the RMA against NAW's members.[3] In October 2025, NAW filed its First Amended Complaint, which is the operative pleading.[4] NAW alleged that the RMA violated the dormant Commerce Clause of the United States Constitution,[5] the Due Process Clause of the Fourteenth Amendment,[6] the Equal Protection Clause of the Fourteenth Amendment,[7] the Unconstitutional Conditions Doctrine,

---

[1] The Court notes that NAW captioned its motion "Plaintiff's Motion for Stay Pending Appeal" but requested in its motion both a stay and a reinstatement of the preliminary injunction. ECF 212 at 2 (internal page 1). The Court also notes that NAW bases its motion on Rule 62(d), which addresses only *injunctions* pending appeal, not *stays*. The authority of a district court to *stay* a judgment is discussed in Rule 62(b), which addresses stays by bond or other security. It appears that, notwithstanding NAW's caption, what NAW primarily seeks is an injunction pending appeal. As discussed below, Rule 62(d) permits a district court to enter an injunction pending appeal "on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d).

[2] Or. Rev. Stat. ("ORS") §§ 459A.860-459A.975.

[3] ECF 1.

[4] ECF 26.

[5] U.S. CONST. art. I, § 8.

[6] U.S. CONST. amend. XIV.

[7] *Id.*

Oregon's so-called "Due Process Clause,"[8] Oregon's Equal Privileges and Immunities Clause,[9] and Oregon's Nondelegation Doctrine.[10]

Defendants moved to dismiss, and NAW moved for a preliminary injunction. In February 2026, the Court dismissed NAW's claims under the Equal Protection Clause and the Unconstitutional Conditions doctrine as well as all claims under the Oregon Constitution.[11] Although the Court gave NAW leave to amend, NAW chose not to replead. The Court also granted preliminary injunctive relief to NAW on its dormant Commerce Clause and Due Process Clause claims, finding "serious questions" going to the merits, a likelihood of irreparable injury, and a balance of hardships before trial tipping sharply in favor of NAW and its members.[12]

In July 2026, the Court held a five-day court trial on NAW's two remaining constitutional claims (dormant Commerce Clause and Due Process). On August 27, 2026, the Court issued a 71-page decision, containing Findings of Fact and Conclusions of Law,[13] and entered Judgment the following day.[14] The Court upheld the constitutionality of Oregon's RMA, which had the effect of dissolving the preliminary injunction. On September 24, 2026, NAW timely filed its notice of appeal.[15]

---

[8] OR. CONST. art. I, § 10.

[9] OR. CONST. art. I, § 20.

[10] OR. CONST. art. 1 § XXI, art. III, § I, art. IV, § I.

[11] ECF 88.

[12] *Id.*

[13] ECF 205.

[14] ECF 206.

[15] ECF 209.

On October 16, 2026, NAW filed the motion now before the Court, asking to stay the Judgment and reinstate, pending appeal, the preliminary injunction that this Court entered on February 6, 2026.[16] Defendant opposes NAW's motion,[17] and the matter has been fully briefed.[18] Neither side requested oral argument. For the reasons explained below, the Court GRANTS Plaintiff's Motion for Stay Pending Appeal (ECF 212), effective upon and subject to the deposit of a bond in an amount to be approved by the Court. Because neither party discussed the amount of an appropriate bond, the Court directs the parties promptly to confer regarding the amount of an annually renewable bond that is approximately equivalent to the amount of unpaid annual fees that would be owed in 2027 by the members of NAW under the RMA if the Judgment is affirmed on appeal. If the parties cannot agree on that amount, each party may submit its own proposed amount, accompanied by written argument and evidence.

## STANDARDS

Rule 62(d) of the Federal Rules of Civil Procedure provides, in relevant part:

> INJUNCTION PENDING AN APPEAL. While an appeal is pending from [a] . . . final judgment that . . . dissolves . . . an injunction, the court may . . . grant an injunction on terms for bond or other terms that secure the opposing party's rights.

Fed. R. Civ. P. 62(d). In the Ninth Circuit, "[t]o determine whether to grant an injunction pending appeal, [a] court applies the test for preliminary injunctions." *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1176 (9th Cir. 2021).

---

[16] ECF 212.

[17] ECF 213 and 214.

[18] ECF 217.

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must demonstrate that she is likely to succeed on the merits, irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest." *Bates v. Pakseresht*, 146 F.4th 772, 783 (9th Cir. 2025) (citing *Winter*, 555 U.S. at 20). "When the government is a party, the last two factors (equities and public interest) merge." *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 668 (9th Cir. 2021) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

In the Ninth Circuit, however, an alternative test allows a court to issue a preliminary injunction even if a plaintiff cannot show a likelihood of success on the merits. "The Ninth Circuit applies a sliding scale approach to preliminary injunctions such that a preliminary injunction can issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor." *Doe*, 19 F.4th at 1177 (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (alterations in original) (quotation marks omitted)); *see also Planned Parenthood Great Nw., Haw., Alaska, Ind., Ky. v. Labrador*, 122 F.4th 825, 844 (9th Cir. 2024) (reiterating the Ninth Circuit's alternative "serious questions" standard).[19]

---

[19] There appears to be different standards used in the Ninth Circuit for granting an *injunction* pending appeal and for granting a *stay* pending appeal. As noted above, *Doe* holds that in the Ninth Circuit, a court applies the same standard for determining whether to grant an injunction pending appeal that it applies when determining whether to grant a preliminary injunction. Also, as discussed above, the Ninth Circuit allows a preliminary injunction to be granted under its alternative test if there are "serious questions" going to the merits, provided that the balance of equities tips sharply in favor of the movant, there is a likelihood of irreparable harm, and the public interest supports the motion.

**DISCUSSION**

Based on the Court's 71-page Findings of Fact and Conclusions of Law, this Court cannot—and does not—conclude that NAW is "likely to succeed on the merits" of its appeal. This case raises important issues of federalism and a state's ability to require economic actors that send into the state products that cause serious pollution at the product's end-of-life to internalize the costs of pollution remediation that these for-profit actors would rather externalize and thrust upon society at large. That said, the Court also cannot deny that NAW has raised serious questions, which this Court has taken seriously, notwithstanding the Court's ultimate rejection on the merits of NAW's arguments.

In addition, NAW has made a strong argument that it (or its members) will likely suffer irreparable harm without an injunction pending appeal if NAW were to prevail. Absent an

---

For determining whether to grant a *stay* pending appeal, the test in the Ninth Circuit, following Supreme Court precedent, appears to be more demanding. In *Nken*, the Supreme Court stated that when determining whether to grant a stay pending appeal, the "traditional" factors are: "(1) whether the stay applicant has made *a strong showing* that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." 556 U.S. at 426 (emphasis added) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The Ninth Circuit, quoting *Nken*, explained that the "justification for a stay" pending appeal turns on these same four factors. *Reach Cmty. Dev. v. United States Dep't of Homeland Sec.*, 174 F.4th 1143, 1146 (9th Cir. 2026).

The Court notes two differences. First, the first factor for a preliminary injunction is whether the movant is "likely to succeed on the merits," while the first factor for a stay pending appeal is whether the stay applicant has made a "strong showing" that the applicant is likely to succeed on the merits. A "strong showing" of likely success demands more than a mere showing of likely success. Second, there is no reference in the context of a stay pending appeal to any alternative "serious questions" test. Thus, because NAW has moved for both a stay pending appeal and an injunction pending appeal, it is possible that a more demanding test applies to the former than to the latter. The Court need not resolve this issue, however, because what NAW primarily appears to want is an injunction pending appeal more than a stay. Thus, the Court will apply the standard described in *Doe*, which incorporates the preliminary injunction standard, and—at least in the Ninth Circuit—allows for the alternative "serious questions" test.

injunction, NAW's members will be required to pay annual fees under the RMA, but those fees are not paid to the State of Oregon. Instead, they must be paid to a private entity that is not a party to this action, the Circular Action Alliance-Oregon ("CAA-Oregon"), which is a subsidiary of the Circular Action Alliance ("CAA"), a national nonprofit entity. The State of Oregon has approved CAA-Oregon as a producer responsibility organization ("PRO") under the RMA. Although the RMA does not limit the number of PROs, CAA-Oregon is the only PRO to date that has been approved by the Oregon Department of Environmental Quality.

NAW persuasively argues that, without an injunction pending appeal, its members would be required to choose between paying annual fees to CAA-Oregon or risk owing not only those fees but also interest and substantial penalties if they do not timely pay their annual fees. Moreover, NAW persuasively argues—and Defendant does not appear to dispute—that if its members timely pay their fees and NAW later prevails on its appeal, those members likely will be unable to recover those payments from CAA-Oregon. As the Supreme Court has explained:

> Normally the mere payment of money is not considered irreparable, but that is because money can usually be recovered from the person to whom it is paid. If expenditures cannot be recouped, the resulting loss may be irreparable.

*Philip Morris USA Inc. v. Scott*, 561 U.S. 1301, 1304 (2010) (citation omitted); *see also California v. Azar*, 911 F.3d 558, 581 (9th Cir. 2018) (stating that although economic harm is not normally considered irreparable, it may be found irreparable if the party suffering that economic harm "will not be able to recover monetary damages" if it prevails); *Idaho v. Coeur d'Alene Tribe*, 794 F.3d 1039, 1046 (9th Cir. 2015) (holding economic harm to be irreparable when the Tribe's sovereign immunity likely would bar the State from recovering monetary damages incurred during the litigation).

The Court turns next to balancing the equities and considering the public interest. Because NAW cannot show a likelihood of success but only serious questions, it must also show that the balance of hardships tips *sharply* in favor of NAW and its members. Defendant argues that the injunction requested by NAW would "grant its members a unique market advantage over their fee-paying competitors" and "would deprive the RMA program of millions of dollars, likely for years to come, with all other obligated producers forced to cover the difference."[20] Defendant adds that "NAW's unfair market advantage would likely divert market share from its RMA-complying competitors."[21] Defendant also has filed a declaration from the Executive Director of CAA-Oregon, stating that for 2027, "CAA is returning approximately $80 million in program reserves to producers through reduced fee rates."[22] Based on the testimony presented at trial, the Court is skeptical that if CAA-Oregon must wait another year or two to receive fees from NAW's members, that will significantly affect CAA-Oregon's ability to operate. That is because the fees owed by NAW members are a relatively small part of the total budget of CAA-Oregon.

Defendant also argues that NAW's requested injunction would create an unfair competitive advantage in favor of NAW's members who would not be paying fees, to the detriment of competitors who do. NAW responds that Defendant's argument is "speculation"[23] and states that Defendant "offers no evidence that temporarily deferring payment would confer

---

[20] ECF 213 at 3.

[21] *Id.*

[22] ECF 214.

[23] ECF 217 at 17 (internal page 16).

any advantage in the market, and it does not explain why a member would lower its prices when it must still plan to satisfy its liabilities when the appeal concludes."[24]

The Court agrees with NAW that if the Judgment is reversed, NAW members who paid during the interim would likely have no way to recover what they paid. But the Court also agrees with Defendant that the competitive advantage received by NAW members from not paying their fees for several years over their competitors who do is both unfair and not speculative. Anytime a business can defer an expense for several years without interest creates an advantage over a competitor who cannot defer that expense. This is basic business economics.

There is, however, a third way that should fairly balance the equities without placing either side at the risk of irreparable harm. By requiring an appropriate bond during the pendency of the appeal, payable to the Court, in an amount roughly equivalent to the amount that NAW's members would otherwise be required to pay annually to CAA-Oregon (to be renewed and adjusted annually), NAW's members will be assured that they would be able to recover what they have deposited with the Court if NAW succeeds in its appeal but will not likely gain any significant unfair advantage over their competitors who comply with the RMA by timely paying their fees. As noted above, Rule 62(d) provides that the court may grant an injunction pending appeal "on terms for bond . . . that secure the opposing party's rights." Fed. R. Civ. P. 62(d).

The Court recognizes that it did not previously require any bond or security when it granted NAW's motion for preliminary injunction in February 2026, but that was in large part because the parties agreed to have a trial on the merits expeditiously, and the Court conducted that trial five months later and then ruled promptly. Now, the parties will likely wait more than a year before they receive an appellate decision and significantly more time than that if either side

[24] *Id.* at 18 (internal page 17).

timely petitions the Supreme Court for a writ of certiorari, which the losing party on appeal may very well do. The Court is prepared to find that the balance of equities tips *sharply* in favor of NAW, but only if an appropriate bond is deposited with the Court. Without such a bond, the Court would not make such a finding.

## CONCLUSION

For the reasons stated in this Opinion and Order, the Court GRANTS Plaintiff's Motion for Stay Pending Appeal (ECF 212), to become effective only upon the deposit of a bond in an amount to be approved by the Court. Because neither party discussed the amount of an appropriate bond, the Court directs the parties promptly to confer regarding the amount of an annually renewable (and annually adjusted) bond that is approximately equivalent to the amount of unpaid annual fees that would be owed by the members of NAW under the RMA if the Judgment is affirmed on appeal. If the parties cannot agree on that amount, each party may submit its own proposed amount, along with written arguments and evidence. No stay or injunction pending appeal, however, will be effective until the Court has approved and received the required bond.

**IT IS SO ORDERED**.

DATED this 16th day of November, 2026.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge